# EXHIBIT 1

JEFFER MANGELS BUTLER & MITCHELL LLP
MATTHEW S. KENEFICK (Bar No. 227298)
*mkenefick@jmbm.com*
SEBASTIEN NGUYEN (Bar No. 340913)
*snguyen@jmbm.com*
Two Embarcadero Center, 5th Floor
San Francisco, California 94111-3813
Telephone:  (415) 398-8080
Facsimile:  (415) 398-5584

Attorneys for Plaintiff and Counterclaim-Defendant Kevin Assemi

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kevin Assemi, an individual<br><br>Plaintiff,<br><br>v.<br><br>Farid Assemi, et al.,<br><br>Defendants.<br><br>ELEVATED AG, LLC, and MARICOPA ORCHARDS, LLC,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>KEVIN ASSEMI,<br><br>Counterclaim Defendant. | Case No. 1:23-CV-01741-EPG<br><br>**PLAINTIFF AND COUNTERCLAIM-DEFENDANT KEVIN ASSEMI'S ANSWER TO THE COUNTERCLAIMS**<br><br>Action Filed:    December 15, 2023<br>Action Removed:    December 19, 2023<br>Trial Date:    None Set |

**COUNTERCLAIM-DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES:**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim-Defendant Kevin Assemi ("**Counterclaim-Defendant**") hereby answers the Counterclaims of Defendant and Counterclaim-Plaintiffs Elevated Ag, LLC and Maricopa Orchards, LLC ("**Counterclaim-Plaintiffs**") and asserts its affirmative defenses as follows:

**COUNTERCLAIMS**

1. Answering Paragraph 1, Counterclaim-Defendant denies all allegations of said paragraph.

2. Answering Paragraph 2, Counterclaim-Defendant admits that Maricopa Orchards, LLC was on the verge of closing financing for Elevated Ag, LLC, but denies all remaining allegations of said paragraph.

3. Answering Paragraph 3, Counterclaim-Defendant denies all allegations of said paragraph.

**COUNTERCLAIM PARTIES**

4. Answering Paragraph 4, Counterclaim-Defendant admits that Elevated Ag, LLC is a California limited liability company but denies the remaining allegations of said paragraph; Counterclaim-Defendant asserts that Elevated Ag, LLC's principal place of business is at 7561 N. Cheryl Avenue, Fresno, California, 93711.

5. Answering Paragraph 5, Counterclaim-Defendant admits that Maricopa Orchards, LLC is a California limited liability company with its principal place of business at 5260 N. Palm Avenue, Suite 421, Fresno, California 93704.

6. Answering Paragraph 6, Counterclaim-Defendant admits that Kevin Assemi is a citizen of California currently residing 7561 N. Cheryl Avenue, Fresno, California 93711.

## JURISDICTION AND VENUE

7. Answering Paragraph 7, Counterclaim-Defendant admits that so long as there are pending federal claims that this Court has jurisdiction over this action under 28 U.S.C. § 1331 and that this Court has subject matter jurisdiction over the counterclaims pursuant to 18 U.S.C. § 1367(a).

8. Answering Paragraph 8, Counterclaim-Defendant admits that he is subject to personal jurisdiction in California because he resides in California but denies that he committed any tortious conduct.

9. Answering Paragraph 9, Counterclaim-Defendant admits that venue in this Court is proper at this time and does not challenge venue with respect to Counterclaim-Plaintiffs' claims against Counterclaim-Defendant in this action.

## COUNTERCLAIMS FACTS

10. Answering Paragraph 10, Counterclaim-Defendant admits the allegations of said paragraph.

11. Answering Paragraph 11, Counterclaim-Defendant admits the allegations of said paragraph.

12. Answering Paragraph 12, Counterclaim-Defendant admits the allegations of said paragraph.

13. Answering Paragraph 13, Counterclaim-Defendant admits the allegations of said paragraph.

14. Answering Paragraph 14, Counterclaim-Defendant admits the allegations of said paragraph.

15. Answering Paragraph 15, Counterclaim-Defendant admits that Elevated Ag, LLC was a party to a series of packing and marketing agreements with Trinity Fruit Company, Inc. but denies all remaining allegations of said paragraph.

16. Answering Paragraph 16, Counterclaim-Defendant denies the allegations of said paragraph.

17. Answering Paragraph 17, Counterclaim-Defendant admits that other

members of Elevated Ag, LLC signed a document to remove Counterclaim-Defendant as manager of Elevated Ag, LLC but asserts that the document is invalid, and as such denies the allegations of said paragraph.

18. Answering Paragraph 18, Counterclaim-Defendant denies the allegations of said paragraph.

19. Answering Paragraph 19, Counterclaim-Defendant admits that Trinity Fruit Company, Inc. sent an email to Counterclaim-Defendant requesting wire instructions but denies the remaining allegations of said paragraph.

20. Answering Paragraph 20, Counterclaim-Defendant admits that he responded with wire instructions to Elevated Ag, LLC's Bank of America account.

21. Answering Paragraph 21, Counterclaim-Defendant denies the allegations of said paragraph.

22. Answering Paragraph 22, Counterclaim-Defendant denies the allegations of said paragraph.

23. Answering Paragraph 23, Counterclaim-Defendant denies the allegations of said paragraph.

24. Answering Paragraph 24, Counterclaim-Defendant denies the allegations of said paragraph.

25. Answering Paragraph 25, Counterclaim-Defendant denies the allegations of said paragraph.

26. Answering Paragraph 26, Counterclaim-Defendant denies the allegations of said paragraph.

27. Answering Paragraph 27, Counterclaim-Defendant admits that Trinity Fruit Company, Inc. unsuccessfully attempted to wire funds but denies all remaining allegations of said paragraph.

28. Answering Paragraph 28, Counterclaim-Defendant admits that he responded to the Trinity Fruit Company, Inc.'s accountant by email but denies all remaining allegations of said paragraph.

29. Answering Paragraph 29, Counterclaim-Defendant denies the allegations of said paragraph.

30. Answering Paragraph 30, Counterclaim-Defendant denies the allegations of said paragraph.

31. Answering Paragraph 31, Counterclaim-Defendant denies the allegations of said paragraph.

32. Answering Paragraph 32, Counterclaim-Defendant denies the allegations of said paragraph.

33. Answering Paragraph 33, Counterclaim-Defendant admits that Elevated Ag, LLC has an account at Citizens Bank but denies all remaining allegations of said paragraph.

34. Answering Paragraph 34, Counterclaim-Defendant denies the allegations of said paragraph.

35. Answering Paragraph 35, Counterclaim-Defendant denies the allegations of said paragraph.

36. Answering Paragraph 36, Counterclaim-Defendant denies the allegations of said paragraph.

37. Answering Paragraph 37, Counterclaim-Defendant denies the allegations of said paragraph.

38. Answering Paragraph 38, Counterclaim-Defendant denies the allegations of said paragraph.

39. Answering Paragraph 39, Counterclaim-Defendant denies the allegations of said paragraph.

40. Answering Paragraph 40, Counterclaim-Defendant denies the allegations of said paragraph.

41. Answering Paragraph 41, Counterclaim-Defendant admits that AgWest and Maricopa Orchards, LLC had a long-standing business relationship but denies all remaining allegations of said paragraph.

42. Answering Paragraph 42, Counterclaim-Defendant admits that he is a former executive of Maricopa Orchards, LLC and that there was a business relationship but denies all remaining allegations of said paragraph.

43. Answering Paragraph 43, Counterclaim-Defendant denies the allegations of said paragraph.

44. Answering Paragraph 44, Counterclaim-Defendant admits the allegations of said paragraph.

45. Answering Paragraph 45, Counterclaim-Defendant denies the allegations of said paragraph.

46. Answering Paragraph 46, Counterclaim-Defendant denies the allegations of said paragraph.

47. Answering Paragraph 47, Counterclaim-Defendant denies the allegations of said paragraph.

48. Answering Paragraph 48, Counterclaim-Defendant admits the allegations of said paragraph.

49. Answering Paragraph 49, Counterclaim-Defendant denies the allegations of said paragraph.

50. Answering Paragraph 50, Counterclaim-Defendant denies the allegations of said paragraph.

51. Answering Paragraph 51, Counterclaim-Defendant admits that he did not provide to Kevin Layne the Action by Written Consent but asserts that the Action by Written Consent is invalid and as such, denies all remaining allegations of said paragraph.

52. Answering Paragraph 52, Counterclaim-Defendant admits that he sent an email to Kevin Layne with the phrase "Please do not close the loan and let's discuss" but denies that he implored Kevin Layne.

53. Answering Paragraph 53, Counterclaim-Defendant admits that Kevin Layne wrote to the Assemi Group but denies all remaining allegations of said

paragraph.

54. Answering Paragraph 54, Counterclaim-Defendant admits the allegations of said paragraph.

55. Answering Paragraph 55, Counterclaim-Defendant admits the allegations of said paragraph.

56. Answering Paragraph 56, Counterclaim-Defendant admits the allegations of said paragraph.

57. Answering Paragraph 57, Counterclaim-Defendant denies the allegations of said paragraph.

58. Answering Paragraph 58, Counterclaim-Defendant denies the allegations of said paragraph.

59. Answering Paragraph 59, Counterclaim-Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein, or lack thereof, and on that basis denies such allegations.

60. Answering Paragraph 60, Counterclaim-Defendant denies the allegations of said paragraph.

## COUNTERCLAIM I
## CIVIL THEFT – CALIFORNIA PENAL CODE § 496(c)
### (Brought by Elevated)

61. Answering Paragraph 61, Counterclaim-Defendant hereby incorporates by reference each admission, denial, and each denial on information and belief, as well as all explanations made in response to all previous paragraphs as though fully set forth herein.

62. Answering Paragraph 62, Counterclaim-Defendant denies the allegations of said paragraph.

63. Answering Paragraph 63, Counterclaim-Defendant denies the allegations of said paragraph.

64. Answering Paragraph 64, Counterclaim-Defendant denies the allegations of said paragraph.

65. Answering Paragraph 65, Counterclaim-Defendant denies the allegations of said paragraph.

66. Answering Paragraph 66, Counterclaim-Defendant denies the allegations of said paragraph.

67. Answering Paragraph 67, Counterclaim-Defendant denies the allegations of said paragraph.

68. Answering Paragraph 68, Counterclaim-Defendant denies the allegations of said paragraph.

69. Answering Paragraph 69, said paragraph contains legal conclusions and argument as to which no response is required.  To the extent a response is required, Counterclaim-Defendant denies the allegations of said paragraph and asserts that Counterclaim-Plaintiff Maricopa Orchards, LLC is not entitled to any relief.

## COUNTERCLAIM II
## CONVERSION
### (Brought by Elevated)

70. Answering Paragraph 70, Counterclaim-Defendant hereby incorporates by reference each admission, denial, and each denial on information and belief, as well as all explanations made in response to all previous paragraphs as though fully set forth herein.

71. Answering Paragraph 71, Counterclaim-Defendant denies the allegations of said paragraph.

72. Answering Paragraph 72, said paragraph contains legal conclusions and argument as to which no response is required.  To the extent a response is required, Counterclaim-Defendant denies the allegations of said paragraph.

73. Answering Paragraph 73, Counterclaim-Defendant denies the allegations of said paragraph.

74. Answering Paragraph 74, Counterclaim-Defendant denies the allegations of said paragraph.

75. Answering Paragraph 75, Counterclaim-Defendant denies the allegations of said paragraph, and asserts that Counterclaim-Plaintiff Maricopa Orchards, LLC is not entitled to any relief.

## COUNTERCLAIM III

### INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS

### (Brought by Maricopa and Elevated)

76. Answering Paragraph 76, Counterclaim-Defendant hereby incorporates by reference each admission, denial, and each denial on information and belief, as well as all explanations made in response to all previous paragraphs as though fully set forth herein.

77. Answering Paragraph 77, said paragraph contains legal conclusions and argument as to which no response is required.  To the extent a response is required, Counterclaim-Defendant denies the allegations of said paragraph.

78. Answering Paragraph 78, said paragraph contains legal conclusions and argument as to which no response is required.  To the extent a response is required, Counterclaim-Defendant denies the allegations of said paragraph.

79. Answering Paragraph 79, Counterclaim-Defendant denies the allegations of said paragraph.

80. Answering Paragraph 80, Counterclaim-Defendant denies the allegations of said paragraph.

81. Answering Paragraph 81, said paragraph contains legal conclusions and argument as to which no response is required.  To the extent a response is required, Counterclaim-Defendant denies the allegations of said paragraph.

82. Answering Paragraph 82, said paragraph contains legal conclusions and argument as to which no response is required.  To the extent a response is required,

1  Counterclaim-Defendant denies the allegations of said paragraph.

2  83. Answering Paragraph 83, said paragraph contains legal conclusions and argument as to which no response is required. To the extent a response is required, Counterclaim-Defendant denies the allegations of said paragraph.

84. Answering Paragraph 84, said paragraph contains legal conclusions and argument as to which no response is required. To the extent a response is required, Counterclaim-Defendant denies the allegations of said paragraph.

85. Answering Paragraph 85, said paragraph contains legal conclusions and argument as to which no response is required. To the extent a response is required, Counterclaim-Defendant denies the allegations of said paragraph.

86. Answering Paragraph 86, said paragraph contains legal conclusions and argument as to which no response is required. To the extent a response is required, Counterclaim-Defendant denies the allegations of said paragraph.

## COUNTERCLAIM IV
## BREACHES OF FIDUCIARY DUTIES
### (Brought by Elevated)

87. Answering Paragraph 87, Counterclaim-Defendant hereby incorporates by reference each admission, denial, and each denial on information and belief, as well as all explanations made in response to all previous paragraphs as though fully set forth herein.

88. Answering Paragraph 88, Counterclaim-Defendant admits the allegations of said paragraph.

89. Answering Paragraph 89, said paragraph contains legal conclusions and argument as to which no response is required. To the extent a response is required, Counterclaim-Defendant denies the allegations of said paragraph.

90. Answering Paragraph 90, said paragraph contains legal conclusions and argument as to which no response is required. To the extent a response is required, Counterclaim-Defendant denies the allegations of said paragraph.

91. Answering Paragraph 91, said paragraph contains legal conclusions and argument as to which no response is required. To the extent a response is required, Counterclaim-Defendant denies the allegations of said paragraph.

92. Answering Paragraph 92, Counterclaim-Defendant denies the allegations of said paragraph.

## JURY DEMAND

93. Answering Paragraph 93, said paragraph contains a jury demand as to which no response is required.

## REQUESTED RELIEF

94. Counterclaim-Defendant asserts that Counterclaim Plaintiffs are not entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES TO ALL CAUSES OF ACTION

Without admitting any of the allegations of the Counterclaim, Defendant pleads the following separate defenses. Defendant reserves the right to assert additional affirmative defenses that discovery indicates are proper.

## FIRST AFFIRMATIVE DEFENSE
### (Authorization)

1. As a separate and first affirmative defense to the Counterclaims and each purported cause of action contained therein, Counterclaim-Defendant alleges that by virtue of the acts of the Counterclaim-Plaintiffs, and/or the persons and/or entities acting on its behalf, Counterclaim-Plaintiffs are barred from prosecuting the purported causes of action set forth in the Complaint by the doctrine of authorization.

## SECOND AFFIRMATIVE DEFENSE
### (Business Judgment)

2. As a separate and second affirmative defense to the Counterclaims and each purported cause of action contained therein, Counterclaim-Defendant alleges that the actions taken by Counterclaim-Defendant were done with the exercise of

reasonable business judgment, in good faith and after being reasonably informed.

### THIRD AFFIRMATIVE DEFENSE

### (Consent)

3. As a separate and third affirmative defense to the Counterclaims and each purported cause of action contained therein, Counterclaim-Defendant alleges that Counterclaim-Plaintiffs are barred from prosecuting the purported causes of action set forth in the Counterclaims because Counterclaim-Plaintiffs, and/or the persons and/or entities acting on its behalf, consented to and acquiesced in the subject conduct.

### FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4. As a separate and fourth affirmative defense to the Counterclaims and each purported cause of action contained therein, Counterclaim-Defendant alleges that Counterclaim-Plaintiffs are barred in whole or in part from prosecuting the purported causes of action set forth in the Counterclaims by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

### (Setoff)

5. As a separate and fifth affirmative defense to the Counterclaims and each purported cause of action contained therein, Counterclaim-Defendant alleges that by virtue of the acts of the Counterclaim-Plaintiffs and/or the persons and/or the entities acting on its behalf, the Counterclaim-Defendant has been damaged in an amount equal to or greater than the amount of damages, if any, to which Counterclaim-Plaintiffs might be entitled.  As a result, the Counterclaim-Defendant is entitled to a setoff against any sums found owing to the Counterclaim-Defendant from Counterclaim-Plaintiffs.

### SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

6. As a separate and sixth affirmative defense to the Counterclaims and

each purported cause of action contained therein, Counterclaim-Defendant alleges that Counterclaim-Plaintiffs are barred in whole or in part from prosecuting the purported causes of action set forth in the Counterclaims by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

7. As a separate and seventh affirmative defense to the Counterclaims and each purported cause of action contained therein, Counterclaim-Defendant alleges that Counterclaim-Plaintiffs are barred in whole or in part from prosecuting the purported causes of action set forth in the Counterclaims by the doctrine of waiver.

**WHEREFORE**, Defendant prays for relief as follows:

1. That the Counterclaims be dismissed, with prejudice and in its entirety;
2. That Counterclaim-Plaintiffs take nothing by reason of these Counterclaims and that judgment be entered against Counterclaim-Plaintiffs and in favor of Counterclaim-Defendant;
3. That Counterclaim-Defendant be awarded its costs incurred in defending this action;
4. That Counterclaim-Defendant be granted such other and further relief as the Court may deem just and proper.

DATED:  JEFFER MANGELS BUTLER & MITCHELL LLP

By: **-DRAFT-**
MATTHEW S. KENEFICK
Attorneys for PLAINTIFF AND COUNTERCLAIM-DEFENDANT KEVIN ASSEMI