MCDERMOTT WILL & EMERY LLP
JASON D. STRABO (SBN 246426)
jstrabo@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, California 90067-3206
(310) 277-4110

MICHAEL S. NADEL (admitted *pro hac vice*)
mnadel@mwe.com
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 756-8000

*Attorneys for Counterclaim Plaintiffs*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KEVIN ASSEMI,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>FARID ASSEMI, et al.,<br><br>　　　　　　　Defendants. | No. 1:23-CV-01741-EPG<br><br>**BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COUNTERCLAIMS** |

## INTRODUCTION

Kevin Assemi initiated this dispute. He filed claims accusing his father, his uncles, the family business, and its chief financial officer of violating the federal civil RICO statutes through conduct that allegedly violated federal criminal laws. In so doing, he created federal jurisdiction over this dispute. Then, he filed a First Amended Complaint bringing 31 claims in this Court.

But on April 15, 2024, Kevin Assemi shifted gears. He decided he did *not* want this Court to hear his dispute after all. He voluntarily dismissed his claims without prejudice. And he argued that by doing so, he could divest the Court of jurisdiction over the counterclaims on which he is in default, and he could moot the pending motion by Maricopa Orchards, LLC ("Maricopa") to expunge his wrongfully-recorded lis pendens. Notwithstanding the gamesmanship, however, allegations of violations of federal statutes should be resolved in federal court, where Kevin Assemi

alleged them in his First Amended Complaint.  And the same facts that supported the counterclaims on which Kevin Assemi has already defaulted also support a judgment of violation of federal law—specifically, the Lanham Act.

Elevated Ag, LLC ("Elevated") and Maricopa have pending counterclaims that have not been dismissed.  They respectfully seek leave to amend those counterclaims.  In their proposed First Amended Counterclaims, along with realleging the four counterclaims on which Kevin Assemi has already defaulted, Elevated and Maricopa have added (i) a Lanham Act counterclaim, (ii) declaratory judgment counterclaims that are the flip sides of Kevin Assemi's now dismissed RICO, trade secret misappropriation, and state-law claims, and (iii) a counterclaim seeking the expungement of the lis pendens. Under Federal Rule of Civil Procedure 15(a)(2), the Court should grant the request leave.

## PROCEDURAL HISTORY

1. On December 15, 2023, Kevin Assemi filed this action in the Superior Court for Fresno County.  ECF 1-1.  Certain Defendants removed the case to this Court.  ECF 1.

2. On February 26, 2024, Elevated and Maricopa brought Counterclaims against Kevin Assemi for civil fraud, conversion, tortious interference with prospective economic relations, and breach of fiduciary duty.  ECF 13.

3. On March 6, 2024, Kevin Assemi filed his First Amended Complaint.  He brought 31 counts in various combinations against various combinations of Defendants.  He brought claims against Maricopa for, among other things, violation of the federal civil RICO statutes, misappropriation of trade secrets, and many state law offenses.  ECF 26.

4. On March 22, 2024, Defendants, including Elevated and Maricopa, filed a motion to dismiss.  ECF 31.

5. The same day, Elevated and Maricopa requested that the Clerk enter default on the Counterclaims, as Kevin Assemi had not filed a response.  ECF 30.  The Clerk entered default. ECF 32.

6. On April 15, 2024, Kevin Assemi filed a notice of dismissal without prejudice pursuant to Rule 41(a)(1)(A)(i).  ECF 48.

1. 7. Also on April 15, 2024, Kevin Assemi filed a supplemental brief in support of his previously filed motion to set aside the default. Kevin Assemi asserted that his notice of voluntary dismissal moots Maricopa's motion to expunge the lis pendens filed by Kevin Assemi. ECF 49 at 2. Kevin Assemi further asserted that "since the Counterclaim is premised on supplemental jurisdiction arising from the underlying complaint, the Court should dismiss the Counterclaim without prejudice for lack of jurisdiction pursuant to FRCP 12(b)(1)." *Id.* But Kevin Assemi did not move to dismiss the Counterclaim. And although he attached an unsigned proposed Answer to the Counterclaims to his supplemental brief (ECF 49-1), Kevin Assemi still has not answered the Counterclaims.

**ARGUMENT**

To start, it is important to recognize *why* Elevated and Maricopa need to seek leave to amend rather than amending as a matter of course. Rule 15(a)(1)(B) provides that a "party may amend its pleading once as a matter of course within… if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). *If*, on April 15, 2025, Kevin Assemi had *moved* to dismiss the Counterclaims under Rule 12(b)(1), instead of just asserting in a brief that the Court should dismiss them, Elevated and Maricopa would have been permitted to file amended counterclaims as a matter of course, without leave. Likewise, *if* Kevin Assemi had *answered* the Counterclaims instead of just submitting a proposed answer, Elevated and Maricopa would simply file their First Amended Counterclaims without a motion. The spirit of Rule 15 supports the filing of First Amended Counterclaims in light of (i) Kevin Assemi's assertion that the Counterclaims should be dismissed, even if not in motion form, and (ii) Kevin Assemi's denials of the Counterclaims' allegations, even if not in the form of a pleading signed and filed pursuant to Rule 11.

Yet precisely *because* Kevin Assemi has not filed a timely response to the Counterclaims, the letter of Rule 15(a) requires Elevated and Maricopa to move for leave to amend. The applicable standard dictates that leave should be granted.

Generally, Rule 15 advises the court that "leave shall be freely given when justice so requires." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003). This policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered the following factors a district court should consider in deciding whether to grant leave to amend:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.* at 182. Not all of the *Foman* factors merit equal weight. Consideration of prejudice to the opposing party carries the greatest weight. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir.1987). Prejudice is the "touchstone of the inquiry under rule 15(a)." *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Cap.*, 316 F.3d at 1051–52 (9th Cir. 2003).

Granting leave to amend does not prejudice Kevin Assemi. The amendment will ensure that this controversy will be fully adjudicated, rather than leaving Kevin Assemi's scurrilous allegations—including, for example, that Maricopa is guilty of federal crimes—unresolved and hanging over Elevated and Maricopa like a dark cloud, impairing their businesses. That does not prejudice Kevin Assemi; he leveled the allegations, he began this lawsuit, he sent out the press release (ECF 39-1), and he pressed forward with the First Amended Complaint. The amendment will also ensure that the controversy remains *in this Court*. That also does not prejudice Kevin Assemi. He elected to sue Maricopa for violations of federal law. Indeed, the original Complaint acknowledges that "RICO provides for a claim in federal district court." ECF 1-1 ¶ 36. And he chose to re-allege his RICO allegations, his trade secret allegations, and all his state law allegations *in this Court* in his First Amended Complaint. There is no basis for Kevin Assemi to assert prejudice.

Nor can there be any assertion of undue delay, bad faith, or dilatory motive by Elevated and Maricopa. Elevated and Maricopa are amending their counterclaims before any answer or motion to dismiss has been filed. Their motive, which is in good-faith and frankly stated, is to keep this dispute is a single federal forum that is best suited to efficiently resolve the federal issues implicated in the controversy Kevin Assemi initiated and advanced in this Court. And the proposed amendment is not futile, but if Kevin Assemi believes that it is, such contention would be best addressed through a motion to dismiss—which would, at last, be a response to the Counterclaims.

This Court has consistently repeated that the policy in favor of freely granting leave to amend pleadings is to be applied with "extreme liberality." *See, e.g.*, *Hardy v. Moreno*, 2022 WL 429330, at *1 (E.D. Cal. Feb. 11, 2022). Here, all of the *Foman* factors favor Maricopa and Elevated. The Court "should freely grant leave when justice so requires." Fed. R. Civ. P. 15(a)(2). That is true here.

**CONCLUSION**

For the reasons stated above, Elevated and Maricopa respectfully request that the Court grant leave to file the proposed First Amended Counterclaims.

Elevated and Maricopa further request that the Court deem the First Amended Counterclaims filed as of the filing this Motion.

    Respectfully submitted,

    **MCDERMOTT WILL & EMERY LLP**

By: /s/ *Michael S. Nadel*
    Michael S. Nadel
    Attorneys for Counterclaim Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Notice of Electronic Filing.

By: /s/ *Michael S. Nadel*
Michael S. Nadel