UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ASSEMI,<br><br>        Plaintiff,<br><br>    v.<br><br>FARID ASSEMI, et al.,<br><br>        Defendants. | Case No. 1:23-cv-01741-EPG<br><br>ORDER VACATING MAY 31, 2024 HEARING<br><br>(ECF No. 58)<br><br>ORDER DIRECTING CLERK OF COURT TO TERMINATE DEFENDANTS' MOTION TO DISMISS AS MOOT<br><br>(ECF No. 31)<br><br>ORDER DIRECTING PLAINTIFF TO FILE THE WITHDRAWAL AND TERMINATION OF LIS PENDENS, THE PARTIES TO CONFER IN GOOD FAITH, AND DEFENDANT MARICOPA TO FILE A SUPPLEMENT ADDRESSING WHETHER MOTION TO EXPUNGE LIS PENDENS IS MOOT<br><br>(ECF No. 33) |

        Defendants removed this case from state court on December 19, 2023. (ECF No. 1). On March 6, 2024, Plaintiff filed a first amended complaint alleging 31 counts, including fraud, breach of contract, and negligence claims. (ECF No. 26). Thereafter, the parties filed five motions—(1) a motion to dismiss (ECF No. 31); (2) motion to expunge lis pendens (ECF No. 33); (3) motion to set aside default (ECF No. 36); (4) motion to amend counterclaim (ECF No. 52); and (5) motion to rejoin as counterclaim Plaintiffs (ECF No. 53)— which are now pending

before the Court.

For the reasons explained below, the Court will (1) vacate the May 31, 2024 hearing that was set for some of the pending motions; (2) direct the Clerk of Court to terminate Defendants' motion to dismiss as moot; and (3) order Plaintiff to file the withdrawal and termination of lis pendens, the parties to confer in good faith about the status of the motion to expunge lis pendens, and if after conferring in good faith Defendant Maricopa believes the motion to expunge lis pendens is not moot, it shall file a supplemental filing justifying its position.

### I.     MAY 31, 2024 HEARING

Four of the pending motions (motion to dismiss; motion to expunge lis pendens; motion to amend counterclaim; and motion to rejoin as counterclaim Plaintiffs) have a hearing set for May 31, 2024, at 10 a.m. (ECF Nos. 31, 33, 52, 53). Upon review, the Court concludes that a hearing on these motions is not necessary; rather, the Court will issue a decision on the briefs submitted.[1] Accordingly, the Court will vacate the May 31, 2024 hearing.

### II.    MOTION TO DISMISS

Defendants moved to dismiss certain claims on March 22, 2024. (ECF No. 31). However, on April 15, 2024, Plaintiff filed a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i), which permits a plaintiff to dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." (ECF No. 48).

> Under Rule 41(a)(1), a plaintiff has an absolute right voluntarily to dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. Even if the defendant has filed a motion to dismiss, the plaintiff may terminate his action voluntarily by filing a notice of dismissal under Rule 41(a)(1).

*Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995) (internal citation omitted).

Accordingly, as Plaintiff has no pending claims in this case, Defendants' motion to dismiss has been rendered moot, and the Court will direct the Clerk of Court to terminate the motion as no longer pending.[2]

---

[1] As noted in the minute order entered on March 4, 2024, "All parties have consented to the jurisdiction of a United States Magistrate Judge for all further proceedings in this action, including trial and entry of judgment, pursuant to 28 U.S.C. 636(c)(1)." (ECF No. 25).

[2] Two of the Defendants—Elevated Ag, LLC and Maricopa—filed a response to Plaintiff's supplemental brief in support of his motion to set aside default. (ECF No. 54). In this filing, they agree with Plaintiff that the motion to dismiss is moot in light of Plaintiff's notice of voluntarily dismissal, although they argue that

2

### III.   SUPPLEMENTAL BRIEFING ON MOTION TO EXPUNGE LIS PENDENS

Defendant Maricopa filed a motion on March 22, 2024, requesting "an order expunging the lis pendens wrongfully recorded by Plaintiff Kevin Assemi with the Kern County Assessor-Recorder as to five properties, Assessor Parcel Numbers 220-050-49, 220-050-12, 220-050-69, 200-050-71, and 220-211-24." (ECF No. 33). In its April 26, 2024 response to Plaintiff's supplemental brief in support of his motion to set aside default, Maricopa states as follows:

> On April 25, 2024 (the day before the instant brief was due to be filed), Kevin Assemi's counsel represented that a document styled "Withdrawal and Termination of Lis Pendens" had been sent off for recording. We have not seen a signed version of the document, nor do we know if it has been recorded. But in any event, the unsigned draft that Kevin Assemi's counsel provided, attached as Exhibit A, fails to moot the issue. First, it does not identify the Properties, so its filing may be insufficient to undo the damaging effect of the lis pendens—clouding title and rendering the Properties unmarketable. *Kirkeby v. Superior Ct.*, 33 Cal. 4th 642, 647 (2004). Second, it threatens to create further confusion, because it is submitted on behalf of Kevin Assemi *and* Elevated, whereas the lis pendens was recorded by Kevin Assemi alone (individually and purportedly derivatively on behalf of Elevated, but not *by* Elevated). ECF 9 at 5. Third, it purports to be signed by Kevin Assemi on behalf of Elevated. But Kevin Assemi was removed as a manager of Elevated on December 28, 2022. ECF 26 at 82. Kevin Assemi has no authority to act for Elevated.

(ECF No. 54, pp. 3-4).

The same day that this response was filed, Plaintiff's counsel responded to an email sent by defense counsel to the Court providing a proposed order granting the motion to expunge lis pendens. This email attached a document titled Withdrawal and Termination of Lis Pendens and stated, in part: "Please find attached the recorded notice of withdrawal of lis pendens.  This was recorded 20 mins ago." However, the attached document was not filed of record.

After this email, it is unclear whether the parties have had further discussions regarding the motion to expunge lis pendens and whether it is possibly moot. Accordingly, the Court will order (1) Plaintiff to file the withdrawal and termination of lis pendens on the record, (2) the parties to confer in good faith whether the motion to expunge lis pendens is moot or may be rendered moot through agreement, and (3) if after conferring in good faith Defendant Maricopa believes that the motion to expunge lis pendens is not moot, it shall file a supplemental filing

---

their counterclaims may proceed, which issue will be addressed in a later order. (*Id*. at 2).

justifying its position.

## IV. ORDER

For the reasons given above, IT IS ORDERED as follows:

1. The May 31, 2024 hearing is vacated.
2. The Clerk of Court shall terminate Defendants' motion to dismiss (ECF No. 31) as moot.
3. By no later than May 30, 2024, Plaintiff shall file the withdrawal and termination of lis pendens that was emailed to the Court. The parties shall meet by no later than May 30, 2024 and confer in good faith about whether the motion to expunge lis pendens is moot or may be rendered moot through agreement. If after conferring in good faith Defendant Maricopa believes the motion to expunge lis pendens is not moot, it shall file a supplemental filing justifying its position by no later than June 10, 2024. [3]

IT IS SO ORDERED.

Dated:   **May 20, 2024**              /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff is also permitted, but is not required, to file a brief explaining why this document moots the motion to expunge lis pendens.