MCDERMOTT WILL & EMERY LLP
JASON D. STRABO (SBN 246426)
jstrabo@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, California 90067-3206
(310) 277-4110

MICHAEL S. NADEL (admitted *pro hac vice*)
mnadel@mwe.com
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 756-8000

*Attorneys for Defendant*
*Maricopa Orchards, LLC*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ASSEMI,<br><br>    Plaintiff,<br><br>v.<br><br>FARID ASSEMI, et al.,<br><br>    Defendants. | No. 1:23-CV-01741-EPG<br><br>**MARICOPA'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO EXPUNGE LIS PENDENS** |

Pursuant to the Court's May 20, 2024 Order (ECF No. 61), Defendant Maricopa Orchards, LLC ("Maricopa") respectfully submits this supplemental brief in support of its Motion to Expunge Lis Pendens (ECF No. 33).

On March 22, 2024, Maricopa moved for an order expunging the lis pendens recorded by Plaintiff Kevin Assemi with the Kern County Assessor-Recorder as to five properties: Assessor Parcel Numbers 220-050-49, 220-050-12, 220-050-69, 200-050-71, and 220-211-24 (collectively "the Properties"). (ECF No. 33).

Plaintiff's opposition was due April 5, 2024. Plaintiff was then represented by prior counsel, who filed a substantive brief on Plaintiff's behalf on another issue as late as April 4, 2024. (ECF No. 42). But Plaintiff neither filed an opposition to the motion to expunge nor sought an extension. Maricopa notified the Court that no opposition had been filed. (ECF No. 45).

On April 15, 2024, Plaintiff, represented by new counsel, filed a supplemental brief in support of his motion to lift the default entered against him on Maricopa's counterclaims. (ECF No. 49). That brief included a request for a retroactive extension of time until April 30, 2024, to oppose the motion to expunge the lis pendens. *Id.* at 3. But Plaintiff did not identify any good cause for a retroactive extension as required by Federal Rule of Civil Procedure 6(b)(1)(B). Nor did Plaintiff file a motion for the extension. Nor did the Court grant an extension. Nor did Plaintiff file an opposition even by his proposed extended deadline—or since.

On April 26, 2024, Plaintiff filed with the Kern County Assessor-Recorder a document titled "Withdrawal and Termination of Lis Pendens" (the "Withdrawal"). (ECF No. 63 Ex. A.). Later that day, Maricopa filed a brief arguing that the motion to expunge the lis pendens was not moot and that the Withdrawal was insufficient. (ECF No. 54 at 2-4). Maricopa also submitted a proposed order expunging the lis pendens. (ECF No. 55). Then Plaintiff emailed the Court the Withdrawal and stated, in part: "Please find attached the recorded notice of withdrawal of lis pendens. This was recorded 20 mins ago." *See* ECF No. 61 at 3.

On May 20, 2024, this Court ordered the parties to confer in good faith regarding whether the motion to expunge the lis pendens is moot or may be rendered moot through agreement. *Id*. The parties met and conferred by video conference on May 28, 2024 and by email before and after. The parties reached an impasse.[1] Accordingly, pursuant to the Court's Order, Maricopa is filing this supplemental submission.

1. "Once a lis pendens is filed, it clouds the title and effectively prevents the property's transfer until the litigation is resolved or the lis pendens is expunged." *BGJ Assocs., LLC v. Superior Ct.*, 75 Cal. App. 4th 952, 967 (1999). "There are two methods to extinguish a lis pendens notice. First, the party who filed the notice can withdraw it." *Bell v. IRS*, 2001 WL 803824, at *3

---

[1] Plaintiff has requested that we state his position that the parties discussed the issues and were unable to reach a resolution. Plaintiff wants to discuss these issues at the scheduled June 18, 2024 mediation and requests the court defer any further briefing or decision on the issue until after that date. Maricopa disagrees. Maricopa believes it is important to remove the cloud that hangs over the Properties as expeditiously as possible. Maricopa is increasingly skeptical that the June 18 mediation will result in the resolution of this dispute. On May 22, 2024, Plaintiff filed two additional lawsuits, casting further doubt on the prospects for peace.

SUPPLEMENTAL BRIEF RE MOTION TO EXPUNGE LIS PENDENS

(E.D. Cal. June 14, 2001) (citing Cal. Civ. Proc. Code § 405.50). "Second, another party may apply to the court to expunge the notice." *Id.* (citing Cal. Civ. Proc. Code § 405.30). The expungement statute is mandatory. If a motion to expunge is filed, "the court shall order that the notice be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." Cal. Civ. Proc. Code § 405.32.

As shown in Exhibit A, the parties engaged in extensive communications *before* Plaintiff filed his Withdrawal. Maricopa stated that an *agreed* form of withdrawal would resolve the issue but that the document Plaintiff proposed was insufficient to moot the controversy. Plaintiff ignored Maricopa's objections and filed the Withdrawal anyway.

There are three problems with Plaintiff's Withdrawal. First, the Withdrawal does not identify the Properties, so its filing may be insufficient to undo the damaging effect of the lis pendens—clouding title and rendering the Properties unmarketable. *Kirkeby v. Superior Ct.*, 33 Cal. 4th 642, 647 (2004). The lis pendens that Kevin Assemi originally filed identifies the Properties by Assessor Parcel Number and legal description, allowing the County Recorder to associate with lease pendens with each Property. (ECF No. 9 at PDF pages 5-8). Maricopa's proposed Order Expunging Lis Pendens does the same (ECF No. 55), thereby ensuring that the cloud of title over each of the Properties would be lifted if the Court entered the order. But Plaintiff's Withdrawal contains no such information, leaving Maricopa in a place of heightened risk with no clear recourse.

Second, Plaintiff's Withdrawal threatens to create further confusion, because it is submitted on behalf of Kevin Assemi *and* Elevated Ag, LLC, whereas the lis pendens was recorded by Kevin Assemi alone. In the parties' correspondence, Plaintiff asserted that his withdrawal is "signed [by] both Kevin and Elevated because those are the parties who created the LP [lis pendens]." *Ex. A* at 2. But that is incorrect. The lis pendens was filed by Kevin Assemi. He purported to file it "individually and derivatively on behalf of Elevated AG, LLC," but it was not filed *by* Elevated:

SUPPLEMENTAL BRIEF RE MOTION TO EXPUNGE LIS PENDENS

> **NOTICE IS HEREBY GIVEN** that Plaintiff, KEVIN ASSEMI, individually and derivatively on behalf of ELEVATED AG, LLC, a California limited liability company, filed its Complaint on December 15, 2023, for over thirty-one (31) causes of actions, including Fraud, Breach of Contract, and Misappropriation/Conversion.

ECF 9 at PDF page 5. That contrasts with Plaintiff's Withdrawal, which was purportedly filed *by* Elevated and Kevin Assemi:

> **WITHDRAWAL AND TERMINATION OF LIS PENDENS**
>
> This Withdrawal and Termination of Lis Pendens (this "**Termination**") is executed as of April 25, 2024 (the "**Effective Date**") by KEVIN ASSEMI, an individual, and ELEVATED AG, LLC, a California limited liability company (collectively, "**Plaintiff**").

ECF 63 Ex. A. Maricopa registered this objection before Plaintiff filed the Withdrawal, but Plaintiff plunged ahead. The discrepancy further risks clouding the chain of title. This motion may present the one chance to property clear title, so it should be done correctly.

Third, Plaintiff's Withdrawal purports to be signed by Kevin Assemi on behalf of Elevated. But Kevin Assemi was removed as a manager of Elevated on December 28, 2022. ECF 26 at PDF page 82. Kevin Assemi has no authority to act for Elevated. A notice signed by Kevin Assemi on behalf of Elevated threatens to be defective, and there is no clear mechanism to correct it. Of course, Plaintiff contends that he *is* the lawful manager of Elevated. But the Court need not resolve that dispute. The Court need only take the action prescribed by the lis pendens statute to lift the cloud over the title to the Properties. That action would have the additional beneficial effect of ensuring that Plaintiff cannot re-file his lis pendens without approval of a court. *See* Cal. Civ. Proc. Code § 405.36. Plaintiff has shown through his past actions that any future lis pendens should be subject to Court approval, consistent with the intent behind the lis pendens legislation. *See Kirkeby*, 33 Cal. 4th at 651; *BGJ*, 75 Cal. App. 4th 952, 966-970.

2. Even if the "Withdrawal and Termination of Lis Pendens" *were* sufficient, that would still not moot Maricopa's motion to expunge, because Maricopa seeks and award of its attorneys' fees under California Civ. Proc. Code § 405.38. ECF No. 33-1 at 11-12.

"If a lis pendens is withdrawn after a motion to expunge lis pendens is filed, but before the court rules on the motion, the court must engage in an analysis of the motion to expunge to determine who would have been the prevailing party for the purpose of attorney's fees. In such an analysis, the party who recorded the lis pendens has the burden of showing the validity of a 'real property claim.' Attorney's fees may only be denied to the prevailing party if the losing party acted with 'substantial justification' or 'other circumstances make the imposition of attorney's fees and costs unjust.'" *Zuniga v. Bank of Am., N.A.*, 2012 WL 12950283, at *13 (C.D. Cal. Apr. 18, 2012) (citations omitted). The California Court of Appeals explained:

> We believe this approach is consistent with the stated legislative purpose behind the mandatory attorney fees provision in section 405.38. As noted above, the attorney fees provision was enacted to control the misuse of the lis pendens procedure. "[T]he recording of a lis pendens is sometimes made not to prevent conveyance of property that is the subject of the lawsuit, but to coerce an opponent to settle regardless of the merits." … A rule that automatically excludes recovery of attorney fees if a lis pendens is withdrawn while a motion to expunge is pending would permit the continued abuse of the lis pendens procedure by enabling the claimant to improperly record a lis pendens to coerce a settlement with little risk. If the lis pendens claimant does not achieve a settlement, by withdrawing the improperly recorded lis pendens, the claimant suffers no adverse consequences. The moving party, however, will have incurred the expense of preparing and filing the motion, and then be denied its right to obtain statutory attorney fees irrespective of the merits of the motion to expunge. Such a result would be unfair, unjust, and inconsistent with the very purpose section 405.38 was enacted to serve.

*Castro v. Superior Court*, 116 Cal. App. 4th 1010, 2022 (2004).

Applying *Zuniga*, notwithstanding the Withdrawal, this Court should determine whether Maricopa would have prevailed on the motion to expunge, and whether Plaintiff acted with 'substantial justification' or 'other circumstances make the imposition of attorney's fees and costs unjust.'" *Zuniga*, 2012 WL 12950283, at *13. In that analysis, Plaintiff bears the burden. *Id*. Maricopa's opening brief establishes that Plaintiff's lis pendens was wrongfully filed without substantially jurisdiction. ECF No. 33-1 at 6-11. Plaintiff has provided this Court with no basis to deny attorney's fees. *See Zuniga*, 2012 WL 12950283, at *13 ("Plaintiffs rely, to their detriment, on the sole grounds that the motion to expunge is moot because the lis pendens was withdrawn; they adduce no further facts justifying the recording of the lis pendens or alluding to circumstances

SUPPLEMENTAL BRIEF RE MOTION TO EXPUNGE LIS PENDENS

that would make the imposition of attorney's fees 'unjust.' Accordingly, this Court awards BOA reasonable attorney's fees for its expenditures in preparing its motion to expunge.").[2]

\* \* \*

The Court should enter the proposed Order Expunging the Lis Pendens (ECF No. 33). Regardless, the Court should find that Maricopa is entitled to its attorney's fees. As stated in its opening brief, Maricopa respectfully suggests that the Court should provide Maricopa with seven days to submit itemization of its attorney's fees, with Plaintiff to file any objections seven days later.

Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**

By: /s/ *Michael S. Nadel*
Michael S. Nadel
Attorneys for Defendant
Maricopa Orchards, LLC

---

[2] Plaintiff contended that his notice of voluntary dismissal deprived the Court of jurisdiction to expunge the lis pendens. ECF No. 49 at 2. That is incorrect. *See Ambriz v. Accedited Home Lenders, Inc.*, 2010 WL 3731111, at \*1 (S.D. Cal. Sept. 8, 2010) (expunging lis pendens after plaintiff filed notice of voluntary dismissal); *Santos v. U.S. Bank, N.A.*, 2010 WL 3059475 (E.D. Cal. Aug. 3, 2010) (same); *Kan v. Verdana Cmty. Ass'n*, 2023 WL 4305117 (E.D. Cal. June 30, 2023) (expunging lis pendens predicated upon dismissed claim); *Doan v. Singh*, 2014 WL 386418, at \*2 (E.D. Cal. Aug. 6, 2014) (expunging lis pendens predicated on dismissed claim, and noting that a motion to expunge lis pendens can be brought in a trial court at any time, even when the dismissal is on appeal).

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Notice of Electronic Filing, including the following counsel for Plaintiff Kevin Assemi:

Matthew S. Kenefick, Esq.
Jeffer Mangels Butler & Mitchell LLP
Two Embarcadero Center, 5th Floor
San Francisco, California 94111

By: /s/ *Michael S. Nadel*
Michael S. Nadel