JEFFER MANGELS BUTLER & MITCHELL LLP
MATTHEW S. KENEFICK (Bar No. 227298)
*mkenefick@jmbm.com*
SEBASTIEN NGUYEN (Bar No. 340913)
*snguyen@jmbm.com*
Two Embarcadero Center, 5th Floor
San Francisco, California 94111-3813
Telephone:     (415) 398-8080
Facsimile:     (415) 398-5584

Attorneys for Kevin Assemi

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kevin Assemi, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Farid Assemi, et al.,<br><br>　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 1:23-CV-01741-EPG<br><br>**SUPPLEMENTAL BRIEF RE: OPPOSITION TO MOTION TO EXPUNGE LIS PENDENS**<br><br>Action Filed:　　December 15, 2023<br>Action Removed:　December 19, 2023<br>Trial Date:　　　None Set |

　　　　On August 28, 2024, Kevin Assemi filed his opposition to Maricopa's motion to expunge his withdrawn lis pendens.  *See* Docket No. 74.  Attached as Exhibit 4 to the supporting declaration of Kevin Assemi was the balance sheet for Elevated Ag, LLC as of 12/31/2023.  *Id*.  On August 29, 2024, counsel for Maricopa contacted counsel for Kevin Assemi asserting that Exhibit 4 is protected by the mediation privilege – an issue that Kevin Assemi's counsel was unaware of.  Counsel for Kevin Assemi asked Maricopa's counsel whether Exhibit 4 was prepared for the purpose of mediation, as that is the standard under California Evidence Code section 1119(b) for a mediation protected document.  Maricopa's counsel refused to answer this threshold question; rather, he stated that the document was shared in the course of mediation and therefore that makes it mediation protected.  This position is belied by Evidence Code section 1120(a)

which provides that evidence that is otherwise admissible is not rendered inadmissible solely because of its use in a mediation. *See Wimsatt v. Sup. Ct.* (2007) 152, Cal.App.4th 137, 157-159 ("a party cannot secure protection for a writing… that was not 'prepared for the purpose of, in the course of, or pursuant to, a mediation' (§ 1119, subd. (b)) simply by using or introducing it in a mediation or even including it as part of a writing…").

Maricopa's position comes as a shock to Kevin Assemi. Pursuant to California Corporations Code section 17701.13, Elevated Ag, LLC is required to prepare and maintain the subject document. It axiomatically follows that it could not have been prepared for the purpose of the mediation. Simply because a corporate record that is prepared in the ordinary course of the company's operations is shown at a mediation does not shield that document from admissibility. Moreover, Kevin Assemi is entitled to this document pursuant to Corporations Code section 17704.10.

Kevin Assemi's counsel explained to Maricopa's counsel that Kevin Assemi should be able to use this evidence to defend himself against Maricopa's motion. It is in the interests of justice that the Court see all applicable evidence. He further explained that Kevin Assemi could simply make a renewed request for inspection under Corporations Code section 17704.10 for the document, and then substitute that produced version of Exhibit 4 in place of the filed version of Exhibit 4. An exercise that is neither practical nor equitable. All it stands to do is waste party and judicial resources. Nevertheless, Maricopa's counsel would not relent with his threats and accusations. Accordingly, on August 30, 2024, Kevin Assemi renewed his inspection request pursuant to Corporations Code section 17704.10. As of September 13, this request was not responded to.

In an effort to resolve the issue, Kevin Assemi's counsel suggested the parties stipulate to have Exhibit 4 removed and replaced with a copy of the Elevated Ag, LLC general ledger and request to have it sealed – Maricopa's counsel initially stated he would stipulate to this; however, when it came time to stipulate Maricopa's counsel refused to stipulate unless Kevin Assemi include in the stipulation certain admissions of fact in an effort to manufacture a litigation advantage. Kevin Assemi suggested that the stipulation could include each party's respective

1 contentions about the facts in dispute; however, Maricopa's counsel refused to do so.

2   Kevin Assemi therefore respectfully requests that the Court remove Exhibit 4 from the record and either: i) allow Kevin Assemi to substitute it with Elevated Ag, LLC's general ledger accompanied by a declaration authenticating it and requesting it be sealed; or ii) delay ruling on the pending motion until Elevated Ag, LLC honors its statutorily mandated obligation to provide Exhibit 4 to Kevin Assemi in response to his August 30 inspection demand, and then at that point, permit Kevin Assemi to substitute Exhibit 4 with the same exact document that Elevated Ag, LLC produces in response to such inspection demand. An unnecessary, make-work process, to the detriment of reason and practicality – but something that Maricopa's threats demand.

   Respectfully submitted.

DATED:  September 16, 2024           JEFFER MANGELS BUTLER & MITCHELL LLP


                                     By:  /s/  *Matthew S. Kenefick*
                                              MATTHEW S. KENEFICK
                                         Attorneys for KEVIN ASSEMI