MCDERMOTT WILL & EMERY LLP
JASON D. STRABO (SBN 246426)
jstrabo@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, California 90067-3206
(310) 277-4110

MICHAEL S. NADEL (admitted *pro hac vice*)
mnadel@mwe.com
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 756-8000

*Attorneys for Counterclaim Plaintiffs*
*Elevated Ag, LLC and Maricopa Orchards, LLC*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ASSEMI,<br><br>        Plaintiff,<br><br>v.<br><br>FARID ASSEMI, et al.,<br><br>        Defendants. | No. 1:23-CV-01741-EPG<br><br>**BRIEF IN SUPPORT OF MOTION FOR SANCTIONS FOR VIOLATING THE CONFIDENTIALITY OF MEDIATION** |

The success of mediation depends upon the promise of confidentiality. Elevated Ag, LLC ("Elevated") and Maricopa Orchards, LLC ("Maricopa") move for an order imposing sanctions, under this Court's inherent power, to remedy Plaintiff Kevin Assemi's intentional breach of the confidentiality of mediation. In mediation this summer, Elevated and Maricopa provided Plaintiff with financial information to help resolve the parties' disputes. Plaintiff turned around and filed the information on the public docket, destroying the confidentiality of the parties' mediation and damaging mediation as an institution. This Court should not tolerate a litigant's flagrant abuse of the mediation process.

# FACTS

1. Plaintiff commenced this action on December 15, 2023 by suing his father, his uncles, the family businesses, and others. ECF No. 1.

2. On February 26, 2024, two Defendants—Maricopa and Elevated—brought counterclaims against Plaintiff, including for civil theft under California Penal Code § 496(c). ECF No. 13.

3. On April 15, 2024, Plaintiff voluntarily dismissed his claims. ECF No. 48. Since then, the only claims that have remained in this action are the counterclaims by Maricopa and Elevated. The clerk entered default against Plaintiff on March 22, 2024. ECF No. 32. More than six months later, Plaintiff still has not answered the counterclaims. Meanwhile, motions for leave to bring additional counterclaims against Plaintiff are pending. ECF Nos. 52 & 53.

4. In an effort to resolve their disputes, the parties engaged in mediation before retired Judge Richard Kramer. The first two mediation sessions were held June 18 and 19, 2024.

5. On July 8, 2024, in advance of the next mediation session, Plaintiff's counsel emailed counsel and Judge Kramer, writing under the subject line "Re: Assemi Mediation (Evid. Code section 1119)." Plaintiff's counsel requested, among other things, Elevated's balance sheet for 2023. *Declaration of Michael S. Nadel* ("*Nadel Dec.*") ¶ 4.

6. In response, on July 16, 2024, by email to Plaintiff's counsel and Judge Kramer, Elevated transmitted the balance sheet for Elevated as of December 31, 2023 (the "Balance Sheet"). The Balance Sheet was prepared during the litigation. Plaintiff only had access to the Balance Sheet via the mediation. There has been no discovery in this case. *Id.* ¶ 5.

7. Additional mediation sessions were held July 24 and August 14, 2024. The mediation failed. *Id.* ¶ 6.

8. Litigation resumed. On August 28, 2024, Plaintiff filed a declaration in opposition to Maricopa's motion for an order expunging lis pendens wrongfully recorded by Plaintiff. ECF No. 74-1. As Exhibit 4 to his declaration (ECF No. 74-5), Plaintiff attached the Balance Sheet. *Nadel Dec.* ¶ 7.

9. Elevated promptly sought an explanation from Plaintiff for why Plaintiff filed the Balance Sheet with the Court, given that Plaintiff possessed the Balance Sheet solely because it was provided to him as part of a confidential mediation. Plaintiff provided no explanation and still has not. *Id.* ¶ 8 and Ex. A.

## STANDARD FOR IMPOSITION OF SANCTIONS

The Court has inherent power to sanction parties for improper conduct. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-46 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980); *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). The imposition of sanctions under the court's inherent authority is discretionary. *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 291 (9th Cir. 1995). The Court's "inherent power 'extends to a full range of litigation abuses.'" *Fink*, 239 F.3d at 992 (quoting *Chambers*, 501 U.S. at 46-47).

"When acting under its inherent authority to impose a sanction, as opposed to applying a rule or statute, a district court must find either: (1) a willful violation of a court order; or (2) bad faith. ... [A] sanction may be awarded either for willful disobedience of a court order or when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1090 (9th Cir. 2021) (citing *Roadway Express*, 477 U.S. at 766). Although mere recklessness is insufficient to support sanctions under the court's inherent powers, "recklessness when combined with an

additional factor such as frivolousness, harassment, or an improper purpose" is sufficient. *Fink*, 239 F.3d at 993-94. A litigant may be sanctioned for acting for an improper purpose, even if the act was "a truthful statement or non-frivolous argument or objection." *Id.* at 992. "[I]nherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44.

## ARGUMENT

Elevated gave Plaintiff the Balance Sheet in mediation because, as nearly all mediators emphasize at the outset, mediation is strictly confidential. Less than two months later, Plaintiff *filed* the Balance Sheet, apparently without a second thought before or since. This Court should impose sanctions.

1. Plaintiff's conduct is damaging to mediation as an institution. "The purpose of mediation is to foster the early resolution of disputes through candid and informal exchanges between parties. Confidentiality is essential to effective mediation as this frank exchange can be achieved only if the participants know that what is said in the mediation will not be used to their detriment through later proceedings and other adjudicatory processes." 2017 Cal. S.B. No. 954, Cal. Judiciary Committee Report (May 7, 2018); *see also* 28 U.S.C. § 652(d) ("each district court shall, by local rule ... provide for the confidentiality of the alternative dispute resolution processes and to prohibit disclosure of confidential dispute resolution communications"). The Ninth Circuit observes that "the success of mediation depends largely on the willingness of the parties to freely disclose their intentions, desires, and the strengths and weaknesses of their case." *In re County of Los Angeles*, 223 F.3d 990, 993 (9th Cir. 2000). "The assurance of confidentiality is essential to the integrity and success of the Court's mediation program, in that confidentiality encourages candor between the parties and on the part of the mediator, and

confidentiality serves to protect the mediation program from being used as a discovery tool for creative attorneys." *In re Anonymous*, 283 F.3d 627, 636 (4th Cir. 2002)

This Court requires that "all communications" made in voluntary dispute resolution proceedings "shall be privileged and confidential to the fullest extent provided by applicable law." L.R. 271(m)(1). "Confidentiality of the mediation process encourages settlement." *EEOC v. ABM Indus. Inc.*, 2010 WL 582049, at *2 (E.D. Cal. Feb. 12, 2010). Regarding its mediation process, the Second Circuit wrote:

> The guarantee of confidentiality permits and encourages counsel to discuss matters in an uninhibited fashion often leading to "settlement, the simplification of the issues and (the resolution of) any other matters which the staff counsel determines may aid in the handling or the disposition of the proceeding." … If participants cannot rely on the confidential treatment of everything that transpires during these sessions then counsel of necessity will feel constrained to conduct themselves in a cautious, tight-lipped, non-committal manner more suitable to poker players in a high-stakes game than to adversaries attempting to arrive at a just resolution of a civil dispute. This atmosphere if allowed to exist would surely destroy the effectiveness of a program which has led to settlements and withdrawals of some appeals and to the simplification of issues in other appeals, thereby expediting cases at a time when the judicial resources of this Court are sorely taxed.

*Lake Utopia Paper Ltd. v. Connelly Containers, Inc.*, 608 F.2d 928, 930 (2d Cir. 1979); *see also Williams v. County of San Diego*, 2021 WL 3619876, at *5 (S.D. Cal. Aug. 16, 2021) ("As previously recognized in this District, 'disclosure of information exchanged in the confidentiality of a Settlement Conference undermines the trust jurists of this Court have earned in the legal community and diminishes the integrity and effectiveness of the Settlement Conference process.' … As such, any unauthorized disclosure has served as a basis for sanctions ….").

"Plaintiff's breach of confidentiality seriously undermines the effectiveness of the mediated settlement proceedings and the important public policy it serves." *Hand v.*

*Walnut Valley Sailing Club*, 2011 WL 3102491, at *4 (D. Kan. July 20, 2011), *aff'd*, 475 F. App'x 277 (10th Cir. 2012).  The Court should not let such conduct go unanswered.

2.  Maricopa brought Plaintiff's misconduct to the Court's attention in its reply in support of its motion to expunge lis pendens.  ECF No. 75 at 507.  Plaintiff then filed an unauthorized supplemental brief.  ECF No. 77.[1]  Plaintiff offered several arguments in its defense, which may be expected to reappear in opposition to this motion.  None are persuasive.

First, Plaintiff argues that California Evidence Code Section 1120 "provides that evidence that is otherwise admissible is not rendered inadmissible solely because of its use in a mediation."  ECF No. 77 at 1-2.  That is irrelevant.  *See Shields v. Fed'n Internationale De Natation*, 2022 WL 298575, at *1 (N.D. Cal. Feb. 1, 2022) (stating that cases applying Federal Rule of Evidence 408 are "irrelevant" to willful violation of the confidentiality of settlement conferences).  Elevated has not raised an issue of *admissibility* of the Balance Sheet.  The issue is Plaintiff's bad-faith conduct in filing a document provided under the confidentiality of mediation, and whether Plaintiff can disregard his obligations without consequences.

Second, Plaintiff contends that "Maricopa's position comes as a shock to Kevin Assemi" because he is entitled to the Balance Sheet under California Corporations Code Section 17704.10.  ECF No. 77 at 2.  That statute, however, addresses an LLC member's rights "upon reasonable request …."  Cal. Corp. Code § 11704.10(b).  At the time of his filing of the Balance Sheet, Plaintiff had not *made* a request for the Balance Sheet under Section 11704.10.  *Nadel Dec.* ¶ 13.  Plaintiff requested the Balance Sheet solely as part of

---

[1] Plaintiff filed his "supplemental brief" without leave, in violation of Local Rule 230(m), which provides:  "After a reply is filed, no additional memorandum, papers, or other materials may be filed without prior Court approval except" objections to reply evidence and notices of supplemental authority, neither of which may include further argument on the motion.

the mediation, copying the mediator, under the heading "Assemi Mediation (Evid. Code section 1119)." *Id.* ¶ 4. Elevated and Maricopa provided it solely as part of the mediation. *Id.* ¶ 5. That Plaintiff *might* have been able to obtain the same document through some other mechanism is no defense. Plaintiff obtained the document through confidential mediation and then filed it.

Third, Plaintiff suggests that the whole problem could be solved by stipulating to the removal of the Balance Sheet from the docket. That would *not* be a solution, because the presence of the Balance Sheet on the docket is not the only problem. The problem is Plaintiff's misconduct in filing the Balance Sheet, willfully disregarding his obligation to keep mediation material confidential. If Plaintiff's solution were found acceptable, the message would be that a litigant can file papers provided in confidential mediation without fear because, if called to account, he can simply replace the filing with another document that he *could* have filed. Rather than addressing the institutional harm Plaintiff has caused, that would compound the harm. Courts reject an "ask forgiveness, not permission" approach. *See Jones v. Metro. Life Ins.*, 2010 WL 4055928, at *11 (N.D. Cal. Oct. 15, 2010) ("given the broad prohibition on disclosing confidential mediation information, if counsel nevertheless believes the need to disclose such information outweighs the importance of protecting its confidentiality, court approval should be obtained *prior* to any disclosure").

Plaintiff's alternative suggestion—that the Court should delay ruling "until Elevated Ag, LLC honors its statutorily mandated obligation to provide Exhibit 4 to Kevin Assemi in response to his August 30 inspection demand, and then at that point, permit Kevin Assemi to substitute Exhibit 4 with the same exact document that Elevated Ag, LLC produces in response to such inspection demand," ECF No. 77 at 3—is even worse, for similar reasons. The message would be that a litigant called to account for filing material provided on a

confidential basis in mediation can avoid accountability by obtaining the same information through other means, *and* the court will hold proceedings in abeyance to allow him to do so. Additionally, Plaintiff's suggestion is troubling because when Plaintiff filed his supplemental brief, Elevated had *already rejected* Plaintiff's inspection demand. *Nadel Dec.* ¶ 14. Plaintiff *knew* that the Elevated would *not* be producing documents in response to his inspection demand but suggested otherwise to the Court.

Plaintiff complains that Elevated and Maricopa "refused to stipulate" to the removal of the Balance Sheet from the docket. ECF No. 77 at 2-3  But that is because of the stipulation on which Plaintiff insisted.   Plaintiff wanted to erase his misconduct from the docket, leaving behind no way for the Court to assess what he had done.  In fact,  Plaintiff proposed that Elevated and Maricopa stipulate to his *good* faith, which would be contrary to all observable fact.  The "admission of fact" upon which Elevated and Maricopa insisted was that the Balance Sheet was provided as part of the mediation.  It was.  Plaintiff wanted to write in the stipulation that he "disputes" that fact, but he never has, and he cannot. *Nadel Dec.* ¶¶ 10-12 and Ex. C, D, & E.  That is not, as Plaintiff asserts, "an effort to manufacture a litigation advantage." ECF No. 77.  It is a fact.  Plaintiff wanted to cover up that fact so that he could avoid accountability, and Elevated and Maricopa would not agree.

3. "[I]t is beyond doubt that maintaining the confidentiality of mediation communications is a *sine qua non* for preserving the integrity of court-sponsored mediation sessions." *Jones*, 2010 WL 4055928, at *10.  Here, the mediation was not court-sponsored, but the analysis is the same. *Id.* at *14.  Plaintiff treats the requirement of confidentiality with contempt.  Courts sanction this conduct.  For example, in *Crimson Trace Corp. v. LaserMax, Inc.*, 2011 WL 13371311 (D. Or. Feb. 3, 2011) "Defendant sought sanctions against plaintiff explicitly arising out of plaintiff's conduct in needlessly publishing details about the parties' settlement negotiations while seeking the court's permission to file

documents under seal." *Id.* at *2. Rather than filing documents exchanged during the mediation, like Plaintiff did here, in *Crimson Trace* the plaintiff made representations about what had happened during their mediation and other settlement negotiations. *Id.* Because, like Plaintiff here, the plaintiff "offers no adequate justification or explanation for publicly (and intentionally) filing a document containing multiple references and quotations to confidential proceeding," the court concluded that the plaintiff had acted in bad faith and ordered sanctions pursuant to its inherent powers. *Id.* at *3 (citing *Chambers v. PASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). The Court imposed a $10,000 sanction.

In *Hand v. Walnut Valley Sailing Club*, the court concluded that "that no sanction less than dismissal of the case would adequately admonish the plaintiff for his complete disregard for and willful violation of the confidentiality rule, deter similar conduct by others in the future, restore respect for this Court's authority, repair the damage caused by plaintiff to the integrity of the Court's ADR program, and minimize prejudice to the defendant." 2011 WL 3102491, at *6. And several other courts have also sanctioned parties for violating the confidentiality of settlement discussions. *See, e.g.*, *Shields*, 2022 WL 298575, at *3 (awarding sanctions for disclosure of confidential settlement communications); *Williams*, 2021 WL 3619876, at *6 (awarding attorneys' fees as a sanction for plaintiff's breach of her obligation to maintain the confidentiality of communications made in ADR); *Sample v. City of Sheridan*, 2012 WL 1156050, at *1-*3 (D. Colo. Apr. 6, 2012) (awarding attorneys' fees as a sanction for filing a letter sent as part of settlement discussions); *E-Z Bowz, LLC v. Professional Prod. Res. Co.*, 2003 WL 22416174, at *1-*3 (S.D.N.Y. Oct. 23, 2023) (issuing admonishment for disclosing to the court a settlement offer made during settlement conference); *Bernard v. Galen Group, Inc.*, 901 F. Supp. 778, 781-84 (W.D.N.Y. 1995) (imposing monetary sanctions for violating the confidentiality of mediation in a submission to the court).

Ultimately, when a party "unilaterally decide[s]" to disclose information from mediation, it damages the mediation process and "thus the administration of justice." *Shields*, 2022 WL 298575, at *3. The success of settlement negotiations depends on the promise of confidentiality. *Id.* (citing *County of Los Angeles*, 223 F.3d at 993). "Sadly, as a result of [Plaintiff's] breach, parties will have reason to question whether the promise of confidentiality will actually be honored." *Id.* This Court should not permit that result.

## CONCLUSION

For the reasons stated above, this Court should enter sanctions against Plaintiff. An appropriate sanction would be to order Plaintiff to pay Elevated and Maricopa's share of the JAMS fees for the mediation, which totals $45,800. *Nadel Dec.* ¶ 15. Additionally, Plaintiff should be ordered to pay the attorneys' fees and costs directly associated with the wrongful filing of the Balance Sheet, including this motion. Elevated could submit an itemization of those costs within seven days of the Court's order.

    Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**

By: /s/ *Michael S. Nadel*
    Michael S. Nadel
    Attorneys for Counterclaim Plaintiffs
    Elevated Ag, LLC and Maricopa Orchards, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Notice of Electronic Filing, including the following counsel for Plaintiff Kevin Assemi:

Matthew S. Kenefick, Esq.
Jeffer Mangels Butler & Mitchell LLP
Two Embarcadero Center, 5th Floor
San Francisco, California 94111

By: /s/ *Michael S. Nadel*
Michael S. Nadel