1  JEFFER MANGELS BUTLER & MITCHELL LLP
   MATTHEW S. KENEFICK (Bar No. 227298)
2  *mkenefick@jmbm.com*
   SEBASTIEN NGUYEN (Bar No. 340913)
3  *snguyen@jmbm.com*
   Two Embarcadero Center, 5th Floor
4  San Francisco, California 94111-3813
   Telephone:     (415) 398-8080
5  Facsimile:     (415) 398-5584

6  Attorneys for Kevin Assemi

7

8                   UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11 KEVIN ASSEMI, an individual          Case No. 1:23-CV-01741-EPG

12              Plaintiff,              **OPPOSITION TO MOTION FOR
                                        SANCTIONS**
13       v.

14 FARID ASSEMI, et al.,

15              Defendants.

16 ─────────────────────────────

17 ELEVATED AG, LLC, and MARICOPA
   ORCHARDS, LLC,                       Action Filed:      December 15, 2023
18                                       Action Removed:    December 19, 2023
              Counterclaim Plaintiffs,   Trial Date:        None Set
19
         v.
20
   KEVIN ASSEMI,
21
              Counterclaim Defendant.
22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................................1

II.   FACTUAL BACKGROUND .................................................................................2

III.  LEGAL STANDARD ............................................................................................4

IV.   ANALYSIS .............................................................................................................5

      A.   Sanctions Are Not Warranted Here Because The Document At Issue Was Filed In Good Faith ......................................................................................5

      B.   Kevin Assemi Immediately Sought To Remedy The Situation In A Reasonable And Cooperative Fashion ......................................................6

      C.   Exhibit 4 Might Not Be Confidential At All ..............................................6

      D.   The Parties Were Not Harmed By The Filing Of Exhibit 4 .......................7

      E.   Defendants' Cited Cases Are Distinguishable ...........................................7

      F.   Defendants' Requested Remedy Is Unreasonable And Bares No Relationship To The Alleged Infraction ................................................10

V.    CONCLUSION .....................................................................................................11

JMBM | Jeffer Mangels
Butler & Mitchell LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Am. Unites for Kids v. Rousseau*,
  985 F.3d 1075 (9th Cir. 2021) ................................................................................... 4

*Bernard v. Galen Grp., Inc.*,
  901 F. Supp. 778 (S.D.N.Y. 1995) ........................................................................... 10

*E-Z Bowz, L.L.C. v. Pro. Prod. Rsch. Co.*,
  No. 00CIV.8670(LTS)(GWG), 2003 WL 22416174 (S.D.N.Y. Oct. 23, 2003) ................. 8, 9

*Hand v. Walnut Valley Sailing Club*,
  No. 10-1296-SAC, 2011 WL 3102491 (D. Kan. July 20, 2011), aff'd, 475 F.
  App'x 277 (10th Cir. 2012) ...................................................................................... 8

*Huschke v. Slater*,
  168 Cal. App. 4th 1153, 86 Cal. Rptr. 3d 187 (2008) ................................................. 5

*Pac. Merch. Shipping Assn. v. Bd. of Pilot Commissioners etc.*,
  242 Cal. App. 4th 1043, 195 Cal. Rptr. 3d 358 (2015) .............................................. 5

*Prudential v. ACDF etc.*,
  Case No. 24cv01102 .............................................................................................. 3

*Sample v. City of Sheridan*,
  No. 10-CV-01452-WJM-KLM, 2012 WL 1156050 (D. Colo. Apr. 6, 2012) ...................... 9

*Shields v. Fed'n Internationale De Natation*,
  No. 18-CV-07393-JSC, 2022 WL 298575 (N.D. Cal. Feb. 1, 2022) ............................... 8

*Williams v. Cnty. of San Diego*,
  No. 17CV00815MMAJLB, 2021 WL 3619876 (S.D. Cal. Aug. 16, 2021) ........................ 9

*Wimsatt v. Sup. Ct.*
  (2007) ................................................................................................................ 6, 7

STATUTES

California Evidence Code
  § 1119(b) ............................................................................................................. 6

California Corporations Code
  § 17701.13 ........................................................................................................... 7
  § 17704.10 ........................................................................................................... 7

72615368v5

OPPOSITION TO MOTION FOR SANCTIONS

## TABLE OF AUTHORITIES
### (CONTINUED)

**Page**

OTHER AUTHORITIES

Federal Rules of Civil Procedure
Rule 37(a)(5)(B) ............................................................................................................ 9
Rule 408 ......................................................................................................................... 9

OPPOSITION TO MOTION FOR SANCTIONS

1    I.      **INTRODUCTION**

2           This is yet another page in the scorched earth tactics of Kevin Assemi's family, intent on

3    teaching Kevin a lesson for criticizing the reckless way they managed their businesses (many of

4    which are owned by trusts in which Kevin is irrevocably a beneficiary).[1] The vitriol of Kevin's

5    family cannot be overstated as the details of this dispute have been widespread through the local

6    media – presumably embarrassing Kevin's family and enraging them. Kevin's concerns, however,

7    were well founded: within the past month Kevin's family and their businesses were sued for

8    approximately $700MM in defaulted debt and had a receiver appointed over many of their assets

9    (and the appointment of another receiver over other assets is pending).

10          This motion arises from Kevin Assemi's family's prosecution of a motion to expunge a

11   withdrawn lis pendens in a dismissed lawsuit. Not an efficient use of judicial and party resources.

12   To defend himself, Kevin included in his opposition to the motion to expunge a balance sheet for

13   Elevated Ag – a company in which he owns a substantial interest. *See* ECF # 74-5 ("**Exhibit 4**").

14   Kevin did not believe Exhibit 4 to be a mediation document. Since the document was not marked

15   as confidential or mediation privileged, the attorney who handled the opposition did not know that

16   it had been exchanged as part of the mediation proceedings since he was not part of that. The

17   attorney who did attend the mediation was only tangentially involved in the opposition at a high

18   level so he was unaware that Exhibit 4 was being filed.

19          As soon as the other side contended that Exhibit 4 was mediation privileged, Kevin Assemi

20   and his counsel worked diligently to investigate and resolve the issue. Kevin Assemi's family

21   ultimately refused to agree to swap-out Exhibit 4 with a different document; and instead, directed

22   its resources at the instant ill-founded motion.

23          Assemi fully acknowledges the mistake of filing a document that might turn out to be

24   mediation privileged. But it should be clear to everyone that it was **an action taken in good faith**.

25   Hundreds of pages of documents have crossed the desks of dozens of attorneys and legal

26   professionals in this case. The parties are dealing with a complicated legal dispute with an

27   _____

28   [1] There are ongoing proceedings between Kevin and his family over their handling of the family trusts.

JMBM  Jeffer Mangels Butler & Mitchell LLP

1   enormous corporate family conglomerate at the center. Exhibit 4 was not filed knowing it could be

2   claimed confidential. The Opposition to the Motion to Expunge that included Exhibit 4 was

3   drafted by an attorney who was not present at the mediation, where it was purportedly provided,

4   and had no way of knowing the document could be confidential.

5       Filing issues and disputes are inevitable. They occur. Ordinarily, counsel resolve the issues

6   between themselves and do not burden the Court. Kevin tried to do that here. Unfortunately,

7   Kevin's family is seeking to use this issue as an opportunity to extract further leverage over Kevin,

8   presumably to get him to release his pending trust mismanagement claims.

9       Kevin Assemi apologizes for supplying Exhibit 4 under the circumstances and the legal

10  work it has perpetuated for the Court. However, there was no willful violation or bad faith present

11  here, and thus, no basis to impose sanctions under the law.

12  **II.    FACTUAL BACKGROUND**

13      On December 15, 2023, Plaintiff filed a Verified Complaint for Damages and Injunctive

14  Relief in the Superior Court of the State of California for the County of Fresno. ECF No. 1,

15  Exhibit 1. The case was later removed to US. District Court with a Notice of Removal filed on

16  12/19/2024. ECF No. 1.

17      Central to this case were Kevin Assemi's claims that Defendants violated an agreement by

18  not contributing certain properties (including Kern County APNs 220-050-49, 220-050-12, and

19  220-050-69) to Elevated Ag's balance sheet as capital contributions in exchange for Kevin Assemi

20  accepting a 40% ownership interest in Elevated Ag. ECF No. 26. at ¶ 70.

21      As a result of this, Kevin Assemi recorded a Notice of Pendency of Action (Lis Pendens)

22  with the Kern County Assessor-Recorder and filed a Notice of said Lis Pendens with this Court on

23  January 4, 2024 concerning these properties. ECF No. 9. The parties subsequently held several

24  mediation sessions, and Plaintiff filed a Notice of Voluntary Dismissal of this lawsuit on April 15,

25  2024. ECF No. 48. Kevin Assemi filed the Withdrawal of Lis Pendens with the Kern County

26  Assessor-Recorder soon thereafter on April 25, 2024, which the Kern County Assessor-Recorder

27  recorded the following day on April 26, 2024. ECF No. 63 Ex. A.

28      Before that, on March 22, 2024, Defendant Maricopa Orchards, LLC filed a Motion to

Jeffer Mangels
Butler & Mitchell LLP
JMBM

1  Expunge Lis Pendens (EDF No. 33) despite the lis pendens being properly and fully withdrawn as

2  noted above.

3      In opposition to Defendant's Motion to Expunge Lis Pendens, Kevin Assemi sought to

4  show how the lis pendens was originally filed for good reason.[2] That required evidence that the

5  properties at issue were supposed to be contributed to Elevated Ag but were not. To show that the

6  properties were not contributed to Elevated Ag as they should have been, Kevin Assemi filed a

7  version of the balance sheet for Elevated Ag showing that the properties were never contributed -

8  Exhibit 4. Defendants then claimed that Exhibit 4 was supplied to Kevin Assemi at mediation and

9  was confidential.

10      To ascertain whether Defendants' claimed protections of Exhibit 4 were accurate, Counsel

11  for Kevin Assemi asked Maricopa's counsel whether Exhibit 4 was prepared for the purpose of

12  mediation. Declaration of Kenefick at ¶ 4. Maricopa's counsel refused to answer this threshold

13  question; rather, he stated that the document was shared in the course of mediation and therefore

14  that makes it mediation protected. *Id.*

15      Importantly, Kevin Assemi has been involved in the family business his entire life, is a

16  substantial owner of Elevated Ag and possesses a huge volumes of documents related to the

17  various companies at issue. Recalling the origin of each document is a challenging task to say the

18  least. So some confusion about the origin of each financial documents on hand is understandable.

19  Exhibit 4 was not marked "confidential," "for mediation purposes" or "privileged." *See* Exhibit 4.

20  **The filing of Exhibit 4 was an action taken in good faith believing it to be admissible at the**

21  **time of filing.** Kevin Assemi did not file Exhibit 4 knowing at the time that it could be contested

22  as confidential. *See* Declaration of Kevin Assemi at ¶ 2.

23      Additionally, the Opposition to the Motion to Expunge that contained Exhibit 4 was

24  drafted by Stuart K. Tubis, Esq. who only recently in the past couple months began work on this

25

26  [2] Kevin's concerns were well-founded.  On September 25, 2024, the United States District Court,
27  Eastern District of California appointed a receiver *ex parte* over the assets and affiliated entities
   that were the subject of Kevin's underlying lawsuit and lis pendens.  *See Prudential v. ACDF etc.*,
28  Case No. 24cv01102.  That lawsuit, combined with Case No. 24cv01105, seek approximately
   $700MM in defaulted debt and the appointment of 2 receivers.

case, did not participate in the mediation and had no way of knowing that Exhibit 4 was provided at mediation. Declaration of Kenefick at ¶ 3; Declaration of Tubis at ¶ 3. The attorney working for Kevin who did participate in the mediation, Matt Kenefick, did not prepare the expungement opposition and was only involved at a high level. *See* Kenefick Decl., ¶ 2. So there is no blame attributable to counsel either. Kevin Assemi and his counsel acted in good faith believing Exhibit 4 to be admissible.

With the benefit of hindsight, Kevin Assemi would have selected a different version of Elevated Ag's financial picture that would not entail such controversy. But the filing of Exhibit 4 was a simple mistake made in good faith caused in part by (1) the significant complexity of financial documents for this matter, and the (2) involvement of new counsel who was not involved in mediation and unaware of the history of Exhibit 4.

Upon learning of the issue, Kevin Assemi immediately sought to rectify the situation by proposing a joint stipulation with Defendants. Declaration of Kenefick at ¶ 4. The joint stipulation would have substituted out Exhibit 4 and substituted in a similar financial document for Elevated Ag that neither party has disputed the admissibility of. *Id.* However, Defendants would not agree to the stipulation unless the stipulation included adverse admissions by Kevin Assemi. *Id.* Kevin Assemi instead proposed that the parties each state their respective contentions and agree to substitute the document. *Id.* However, Defendants would not agree to this and instead preferred to prosecute this motion for sanctions to transparently manufacture litigation leverage to bludgeon Kevin into dropping his claims for his family putting his trust assets into default and receivership.

## III.   LEGAL STANDARD

The parties agree on the legal standard. As Defendants themselves cited, "(w)hen acting under its inherent authority to impose a sanction, as opposed to applying a rule or statute, a district court must find either: (1) a **willful violation** of a court order; or (2) **bad faith**. ... [A] sanction may be awarded either for willful disobedience of a court order or when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Am. Unites for Kids v. Rousseau,* 985 F.3d 1075, 1090 (9th Cir. 2021) (citing *Roadway Express,* 477 U.S. at 766), emphasis added.

"To be sure, not every violation of a procedural rule is properly sanctionable, as some may

1  be the result of excusable inadvertence or exigent circumstances and/or relatively

2  inconsequential." *Huschke v. Slater*, 168 Cal. App. 4th 1153, 1162, 86 Cal. Rptr. 3d 187, 194

3  (2008). "Good faith in making legal arguments shields parties and attorneys from sanctions." *Pac.*

4  *Merch. Shipping Assn. v. Bd. of Pilot Commissioners etc.*, 242 Cal. App. 4th 1043, 1059, 195 Cal.

5  Rptr. 3d 358, 371 (2015).

6       As discussed below, Kevin Assemi's filing of the wrong document with the Court was not

7  in any way a willful violation or act of bad faith. There is no basis for sanctions.

8  **IV.    ANALYSIS**

9       **A.    Sanctions Are Not Warranted Here Because The Document At Issue Was**

10            **Filed In Good Faith**

11       As outlined in the Facts section above, the filing of Exhibit 4 was done in good faith

12  believing at the time that the document was admissible evidence.

13       Kevin Assemi is a major owner of Elevated Ag and possessed many financial documents

14  about Elevated Ag. So confusion about the specific origin of various versions and accounting

15  records on hand is understandable. Exhibit 4 was not marked "confidential," "for mediation

16  purposes" or "privileged." The filing of Exhibit 4 was an action taken in good faith believing it to

17  be admissible. *See* Declaration of Kevin Assemi at ¶ 2.

18       Additionally, the Opposition to the Motion to Expunge that contained Exhibit 4 was

19  drafted by Stuart K. Tubis, Esq. who did not participate in the mediation and did not know that it

20  was provided at mediation. Declaration of Tubis at ¶ 2; Declaration of Kenefick at ¶ 3. Stuart

21  Tubis had no involvement in this case before his work to draft an Opposition to the Motion to

22  Expunge.  *Id*. The attorney who did attend the mediation, Matthew Kenefick, was only involved at

23  a high level in the expungement opposition. Declaration of Kenefick at ¶ 2. He did not review the

24  evidentiary support, declarations or exhibits in detail before the filing. *Id*.

25       Thus, the filing of Exhibit 4 was done in good faith.

26       **Defendants offer nothing more than speculation and conjecture as evidence of**

27  **intention or bad faith.** That is because it simply does not exist. This motion for sanctions is a

28  needless consumption of judicial and party resources to further Defendants' ulterior motives.

1    There is no basis for sanctions here since there was no intention of wrongdoing or bad faith.

2        **B.    <u>Kevin Assemi Immediately Sought To Remedy The Situation In A Reasonable</u>**

3             **<u>And Cooperative Fashion</u>**

4        Immediately upon receiving Defendants' claims of confidentiality, Kevin Assemi tried to

5    rectify the situation by offering to remove and replace Exhibit 4 via stipulation with a similar

6    document that the parties could agree had no confidential origin. Declaration of Kenefick at ¶ 4.

7    This contradicts and suggestion of bad faith. Defendants would not agree to any version of this

8    stipulation without an adverse admission by Kevin Assemi. *Id*. Kevin Assemi offered a version of

9    the stipulation that allowed Defendants to assert their position and for Kevin Assemi to deny that

10   assertion, but that was not good enough for Defendants. *Id*. They insisted on an adverse factual

11   admission by Kevin.  *Id*.

12       To further help remedy the situation, Kevin Assemi filed a Supplemental Brief Re

13   Opposition to Motion to Expunge Lis Pendens. ECF No. 77. In that brief, Kevin Assemi explained

14   the circumstances regarding Exhibit 4 and respectfully requested that the Court remove Exhibit 4

15   from the record and allow Kevin Assemi to substitute in an uncontested version of Elevated Ag's

16   financial summary. Kevin Assemi has acted in good faith to find a reasonable solution that is

17   palatable both sides and the Court. Defendants, by contrast, have created make-work and refused

18   to cooperate as the relevant rules of professional conduct and civil litigation require.

19       **C.    <u>Exhibit 4 Might Not Be Confidential At All</u>**

20       Pursuant to California Evidence Code section 1119(b), a document is inadmissible if it was

21   "**prepared for the <u>purpose</u> of…mediation**." Emphasis added; *See Wimsatt v. Sup. Ct.* (2007)

22   152, Cal.App.4th 137, 157-159 ("a party cannot secure protection for a writing… that was not

23   'prepared for the purpose of, in the course of, or pursuant to, a mediation' (§ 1119, subd. (b))

24   simply by using or introducing it in a mediation or even including it as part of a writing…").  To

25   ascertain whether Defendants' claimed protections of Exhibit 4 were accurate, Counsel for Kevin

26   Assemi asked Maricopa's counsel whether Exhibit 4 was prepared for the <u>purpose</u> of mediation.

27   Declaration of Kenefick at ¶ 4.  Defendants' counsel refused to answer this threshold question;

28   rather, he stated that the document was shared in the course of mediation and therefore that makes

1   it mediation protected. *Id*. Defendants have presented no competent evidence establishing that

2   Exhibit 4 was prepared solely for mediation and not a business record.

3         Additionally, pursuant to Corporations Code section 17701.13, Elevated Ag, LLC is

4   required to prepare and maintain Exhibit 4 as an ordinary business record. It axiomatically follows

5   that **Exhibit 4 could not have been prepared for the purpose of the mediation.** Simply because

6   a corporate record that is prepared in the ordinary course of the company's operations is shown at

7   a mediation does not shield that document from admissibility. *Wimsatt v. Sup. Ct.* (2007) 152,

8   Cal.App.4th 137, 157-159. Exhibit 4 was not marked "confidential" or "privileged." Defendants

9   have offered no evidence establishing that Exhibit 4 was in fact prepared for mediation. So it is

10  still not clear whether Exhibit 4 is even confidential at all.

11            **D.    The Parties Were Not Harmed By The Filing Of Exhibit 4**

12        Exhibit 4 does not reveal confidential settlement offers or positions. It is simply the

13  balance sheet for a company which Kevin used to run and is a substantial owner of. The

14  information in Exhibit 4 is also contained in the general ledger which Kevin sought to substitute

15  for Exhibit 4. Further, as a member of Elevated Ag, Kevin Assemi is entitled to Exhibit 4 pursuant

16  to Corporations Code section 17704.10. Kevin Assemi should be able to use relevant evidence to

17  defend himself against Maricopa's motion to expunge the lis pendens. It is in the interests of

18  justice that the Court see all applicable evidence. Kevin Assemi could simply obtain Exhibit 4

19  with request for inspection under Corporations Code section 17704.10. As such, in attempting to

20  resolve this matter, on August 30, 2024, Kevin Assemi made an inspection request pursuant to

21  Corporations Code section 17704.10. Declaration of Kenefick at Exh. 1. However, Defendants

22  wrongfully denied such request. Kenefick Decl., Exh. 2. It seems that Defendants would rather

23  manufacture disputes than resolve the case on the merits.

24        Nonetheless, there has been no prejudice to Defendants since Exhibit 4 does not reveal

25  settlement positions or offers and would have been introduced in the course of this litigation at

26  some point anyway (assuming it proceeds).

27            **E.    Defendants' Cited Cases Are Distinguishable**

28        On page 9 of the Brief Re Motion for Sanctions, Defendants discuss several cases hoping

1  to show that courts have imposed sanctions against parties in similar scenarios. However, all of

2  these cases are easily distinguishable. **Firstly, each of the cases involving sanctions included**

3  **findings of intentional misconduct and/or bad faith.** Defendants fail to cite a single case

4  showing a court imposing sanctions for a good faith mistake as we are dealing with here.

5  **Secondly, every case involved a far more egregious or injurious breach of confidentiality,**

6  **such as the disclosure of specific settlement offer amounts and mediator comments, which**

7  **has not occurred here.** Point of fact, in one case, the court found that admonishment would be

8  the proper sanction even with a showing of bad faith. *See E-Z Bowz, L.L.C. v. Pro. Prod. Rsch.*

9  *Co.* below.

10        The following is a summary of Defendants' cited cases with distinguishing facts:

11  •   *Hand v. Walnut Valley Sailing Club*, No. 10-1296-SAC, 2011 WL 3102491 (D. Kan. July
        20, 2011), aff'd, 475 F. App'x 277 (10th Cir. 2012)

13        •   **Summary:** In this case, the plaintiff deliberately sent an email to 44 members of
            the Sailing Club among other nonmembers describing everything that happened
14          during mediation, including specific **monetary offer amounts**, **mediator**
            **comments** and offer responses. The court found the conduct to be a **knowing and**
15          **willful** violation with damaging information disclosed.

16        •   "The relevant facts are undisputed. As part of this Court's mandatory mediation
            process, the parties were ordered to participate in alternative dispute resolution
17          (ADR) by a date certain. Dk. 13, p. 3. The parties did so. Later that day, plaintiff
            sent an e-mail to approximately 44 members of the Walnut Valley Sailing Club,
18          essentially providing his blow-by blow description of everything that happened
            during the mediation. Plaintiff's e-mail detailed multiple confidential matters which
19          occurred during the mediation, including what the mediator did and said, the
            specific monetary offer made by plaintiff to settle the case, what defendant's
20          response was to the offer, the length of time that passed, how many attorneys
            represented defendant and how much their representation might cost. Plaintiff also
21          disclosed the same information to non-members of the club." *Id.* at p. 1.

23        •   "Accordingly, the Court finds plaintiff's breach to have been done knowingly and
            willfully." *Id.* at p. 6.

24  •   *Shields v. Fed'n Internationale De Natation*, No. 18-CV-07393-JSC, 2022 WL 298575
        (N.D. Cal. Feb. 1, 2022)

26        •   **Summary:** In this case, the Defendant disclosed **confidential settlement**
            **communications**, including details of the parties' discussions, and such conduct
27          was found to be inexcusable and done in **bad faith**.

JMBM | Jeffer Mangels Butler & Mitchell LLP

- "FINA filed its sur-reply on November 23, 2021. (Dkt. No. 263.) While the sur-reply addresses the expert damages theory issue, the first few pages disclose confidential settlement communications in an attempt to argue that the named Plaintiffs are not adequate class representatives. As a result of the disclosure, the settlement judge withdrew from facilitating settlement discussions. (Dkt. No. 265.) Now before the Court is Plaintiffs' motion to strike the sur-reply and for sanctions." *Id*. at p. 1.

- "Plaintiffs' request for sanctions is granted. FINA's unexcused disclosure amounts to bad faith conduct; accordingly, FINA shall pay Plaintiffs' attorneys' fees and costs for preparing the motion to strike and the reply." *Id*. at p. 3.

- <u>Williams v. Cnty. of San Diego</u>, No. 17CV00815MMAJLB, 2021 WL 3619876 (S.D. Cal. Aug. 16, 2021)

  - **Summary:** The court was **not hearing a motion for sanctions but rather a motion for attorneys' fees** under Fed. R. Civ. P. 37(a)(5)(B). There was minor discussion of some misconduct, but the basis for the award was the denial of a motion to compel discovery responses. It is not a proper example of an award of sanctions.

  - "Presently before the Court is a request for attorney's fees filed by Defendant County of San Diego ("Defendant" or "County")…For the reasons set forth below, Defendant's request for fees is GRANTED IN PART and DENIED IN PART. I. BACKGROUND The present request for attorney's fees comes to the Court following the denial of Williams' motion to compel" *Id*. at p. 1.

  - "When a motion to compel is denied, a court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party ... who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B)." *Id*. at p. 2.

- *Sample v. City of Sheridan*, No. 10-CV-01452-WJM-KLM, 2012 WL 1156050 (D. Colo. Apr. 6, 2012)

  - **Summary:** Defendants disclosed details of confidential **settlement negotiations** "**gratuitously and in bad faith**." The court found willfulness and bad faith. The document disclosed was **marked confidential**.

  - "Defendants, gratuitously and in bad faith, chose to violate Fed.R.Evid. Rule 408 by publically [sic] filing a document which reflected in considerable detail the parties' confidential settlement negotiations." *Id*. at p. 2.

  - "Defendants willfully and in bad faith violated Fed.R.Evid. 408 when they disclosed a document that was clearly marked confidential and contained a detailed description of private settlement negotiations." *Id*. at p. 2.

- *E-Z Bowz, L.L.C. v. Pro. Prod. Rsch. Co.*, No. 00CIV.8670(LTS)(GWG), 2003 WL 22416174, (S.D.N.Y. Oct. 23, 2003)

  - **Summary:** The court found that a litigant **disclosed details of a settlement offer** made at a prior settlement conference. The court declined to sanction the party financially and found that **admonishment was the proper sanction (not a financial penalty)** given the circumstances.

  - "In sum, the Court finds that PPR's counsel violated the Court's Standing Order In Cases Referred for Settlement. The Court concludes, however, that it is unnecessary to impose a financial sanction in order to deter PPR's counsel from engaging in this sort of conduct in the future. As a consequence, it is hereby ORDERED that PPR and the attorneys representing it—Stevens, Davis, Miller & Mosher, L.L.P. of Washington, D.C., and Janvey, Gordon, Herlands, Randolph, Rosenberg & Cox, L.L.P. of New York, New York—are admonished to adhere carefully in the future to this Court's and any other court's orders regarding the confidentiality of settlement discussions." *Id.* at p. 3.

- *Bernard v. Galen Grp., Inc.*, 901 F. Supp. 778 (S.D.N.Y. 1995)

  - **Summary:** The court found that the a party had disclosed the "terms, including specific **dollar amounts, of settlement offers** made during the mediation" and that there was a **lack of good faith** involved.

  - "Following my referral of the case to the Mediation Program and the commencement of the mediation process, Mr. Cornwell wrote me a letter disclosing, among other things, the terms of certain settlement offers (including specific dollar amounts) that had been made during the mediation process." *Id.* at p. 1.

**All of the above cases relied upon by Defendants are clearly distinguishable.** Either they did not impose monetary sanctions or there were specifically findings of bad faith and willful disregard for the rules. Generally they involved the disclosure of settlement offer amounts and negotiation communications with significant damaging impacts. Here, by contrast, we are dealing with a mistaken disclosure in good faith of a company business record that would be valid and admissible evidence in this case through discovery if it is not already – a document Kevin Assemi is entitled to under the Corporations Code. In short, Defendants' purported case law authority does *not* support the imposition of monetary sanctions here.

### F.   Defendants' Requested Remedy Is Unreasonable And Bares No Relationship To The Alleged Infraction

In their conclusion section, Defendants request that the Court sanction Kevin Assemi

JMBM | Jeffer Mangels Butler & Mitchell LLP

1  $45,800 since that is their alleged share of mediation expenses. This would suggest that

2  Defendants received no benefit from the 4 mediation sessions all because of the filing of Exhibit 4,

3  which as stated above is a valid item of evidence in a case about the company's assets. Defendants

4  also seek their attorneys' fees and costs. Defendants' requested remedy bears no logical

5  relationship to the alleged infraction and is designed instead to further exhaust Kevin Assemi's

6  resources and ability to defend his interests.

7        Kevin Assemi respectfully renews his request that the Court remove Exhibit 4 and either:

8  i) allow Kevin Assemi to substitute it with Elevated Ag, LLC's general ledger accompanied by a

9  declaration authenticating it and requesting it be sealed; or ii) delay ruling on the pending motion

10  until Elevated Ag, LLC honors its statutorily mandated obligation to provide Exhibit 4 to Kevin

11  Assemi in response to his August 30 inspection demand, and then at that point, permit Kevin

12  Assemi to substitute Exhibit 4 with the same exact document that Elevated Ag, LLC produces in

13  response to such inspection demand. *See* Kevin Assemi's Supplemental Brief Re: Opposition to

14  Motion to Expunge Lis Pendens, ECF No. 77.

15  **V.    CONCLUSION**

16        For the reasons stated above, Kevin Assemi requests that the Court deny Defendants'

17  Motion for Sanctions.

18

19  DATED:  October 2, 2024                    JEFFER MANGELS BUTLER & MITCHELL LLP

20

21                                            By:  /s/  Matthew S. Kenefick
                                                   _____
22                                                      MATTHEW S. KENEFICK
                                                   Attorneys for KEVIN ASSEMI
23

24

25

26

27

28