UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ASSEMI,<br><br>        Plaintiff,<br><br>   v.<br><br>FARID ASSEMI, et al.,<br><br>        Defendants. | Case No.   1:23-cv-01741-EPG<br><br>ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS<br><br>(ECF No. 78). |

## I. INTRODUCTION

Certain Defendants removed this case from the Fresno County Superior Court on December 19, 2023. (ECF No. 1). The parties tried to resolve this case through mediation but their efforts were unsuccessful. (ECF No. 73).

Now before the Court is Defendant's Motion for Sanctions for Violating the Confidentiality of Mediation.  (ECF No. 78). Upon review of the parties' briefing, the Court will deny the motion for sanctions.

## II. PROCEDURAL HISTORY

Approximately four months after removal, Plaintiff voluntarily dismissed his claims. (ECF No. 48). Thereafter, the parties attempted to informally resolve some pending issues, including the motion to expunge lis pendens filed by Defendant Maricopa Orchards, LLC (Maricopa). (ECF Nos. 33, 61).

The parties attended private mediation. (ECF No. 65). However, despite multiple

mediation sessions, the parties were unable to resolve the case. (ECF No. 73).

Following a notice of unsuccessful mediation, Defendants Elevated Ag, LLC (Elevated) and Maricopa moved for sanctions based on purportedly confidential mediation information that Plaintiff filed on the docket. (ECF No. 78).

This motion has been fully briefed and is ripe for decision.[1]

### III.  Motion for Sanctions

Defendants Elevated and Maricopa request sanctions under the Court's inherent power based on Plaintiff filing a balance sheet on the docket that was disclosed in mediation. (ECF No. 78). Plaintiff opposes the motion, stating that he filed the balance sheet to defend himself in connection with the motion to expunge lis pendens, that he did not believe it was a privileged or confidential document, and that he offered to withdraw the filing and substitute a different financial document, but Defendants would not agree. (ECF No. 80).

Disclosure of information exchanged during the confidentiality of a mediation may provide "a basis for sanctions against the violating attorney." *Williams v. Cnty. of San Diego*, No. 17-CV-00815-MMA-JLB, 2021 WL 3619876, at *5 (S.D. Cal. Aug. 16, 2021). And the Court "has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). However, "mere recklessness, without more, does not justify sanctions under a court's inherent power," but sanctions may be imposed "for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Id.* at 993-94.

Here, it is undisputed that the document was provided in connection with the parties' mediation, although Plaintiff's counsel contends that the relevant attorney did not know this at the time the document was filed because that attorney did not participate in the mediation but only began work on this case a couple months ago. (ECF No. 80, pp. 7-8). Despite the document being provided for mediation purposes, the document was also available upon request to Plaintiff under

---

[1] As noted in the minute order entered on March 4, 2024, "All parties have consented to the jurisdiction of a United States Magistrate Judge for all further proceedings in this action, including trial and entry of judgment, pursuant to 28 U.S.C. 636(c)(1)." (ECF No. 25).

California law, which Defendants do not meaningfully dispute.² (ECF No. 78-1, p. 6). Further, the balance sheet does not appear to include any trade secret or similar information such that disclosure itself is prejudicial to Defendants. And the document has not been used substantively in the case, such as at a motion for summary judgment or trial. Moreover, Plaintiff offered to remove the document from the docket approximately one and half months ago, but Defendants refused and allowed the document to stay on the docket. (ECF No. 77, pp. 2-3).

The Court has evaluated the circumstances and applicable standards and declines to issue sanctions here. While it is true that Plaintiff should not have filed the document on the record, the Court does not find bad faith or any prejudice to Defendants. Further, the Court finds that Defendants' request for $45,800—their share of the mediation costs—along with attorney fees and costs, especially unwarranted given that they refused to consent to withdrawal of the document from the docket.

**IV.   CONCLUSION AND ORDER**

For the reasons given above, IT IS ORDERED that Defendants' motion for sanctions is denied. (ECF No. 78).

IT IS SO ORDERED.

Dated:   **November 4, 2024**            /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

---

² Additionally, there is nothing to suggest that the document would not be available through discovery.