UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ASSEMI,<br><br>        Plaintiff,<br><br>    v.<br><br>FARID ASSEMI, et al.,<br><br>        Defendants. | Case No. 1:23-cv-01741-EPG<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT<br><br>(ECF No. 36). |

## I.     INTRODUCTION

Certain Defendants removed this case from the Fresno County Superior Court on December 19, 2023, and filed counterclaims. (ECF Nos. 1, 13). However, Plaintiff failed to respond to the counterclaims and Defendants obtained a Clerk's entry of default, which Plaintiff quickly moved to set aside. (ECF Nos. 32, 36).

Upon review, the Court will grant Plaintiff's motion to set aside the default.

## II.     PROCEDURAL HISTORY

Following removal, Defendants Elevated Ag, LLC and Maricopa Orchards, LLC (shortened to Elevated and Maricopa throughout the rest of this order) filed state law counterclaims on February 26, 2024, alleging (1) civil theft; (2) conversion; (3) intentional interference with prospective economic relations; and (4) breach of fiduciary duties. (ECF No. 13).

Two days later, Plaintiff's counsel moved to withdraw from the case. (ECF No. 18).

1

Before this motion was resolved, Defendants Elevated and Maricopa obtained a clerk's entry of default, *see* Fed. R. Civ. P. 55(a), on March 22, 2024. (ECF No. 32). Four days after the default, Plaintiff, who was still represented by the same counsel seeking to withdraw from the case, moved to set aside the default, requesting that Plaintiff be given an extension to file a response to the counterclaims to allow him to obtain new counsel. (ECF No. 36).

The Court held a hearing on the motion to withdraw and motion to set aside the default on April 5, 2024. (ECF No. 44). Noting that Plaintiff had obtained new counsel, it granted the motion to withdraw and directed Plaintiff to file a supplement in support of the motion to set aside the Clerk's entry of default and to include an attached proposed response to the counterclaims by April 19, 2024. The Court deferred ruling on Plaintiff's motion to set aside the default pending Plaintiff's upcoming filing.

On April 15, 2024, Plaintiff, through new counsel, voluntarily dismissed his claims. (ECF No. 48). That same day, Plaintiff filed his supplement in support of his motion to set aside the Clerk's entry of default, including a proposed answer to the counterclaims. (ECF No. 49). The motion to set aside the Clerk's entry of default has been fully briefed and is ripe for decision.[1]

### III.     Motion to Set Aside Default

The following standards apply to Plaintiff's motion:

> The Federal Rules provide that a "court may set aside an entry of default for good cause...." Fed. R. Civ. Pro. 55(c). To determine "good cause", a court must "consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice" the other party. *See Franchise Holding II*, 375 F.3d at 925-26. This standard, which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default. *See id.* Crucially, however, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk*, 739 F.2d at 463; *see also Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir.2006); *Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 890 (9th Cir.2001); *TCI Group*, 244 F.3d at 695-96. Additionally, "[w]hile the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test is more

---

[1] As noted in the minute order entered on March 4, 2024, "All parties have consented to the jurisdiction of a United States Magistrate Judge for all further proceedings in this action, including trial and entry of judgment, pursuant to 28 U.S.C. 636(c)(1)." (ECF No. 25).

liberally applied in the Rule 55(c) context," such as we consider here. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir.2009) (quotations and citations omitted). This is because in the Rule 55 context there is no interest in the finality of the judgment with which to contend. *See Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir.1986).

*United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quote includes footnote 1 of decision).

With these standards in mind, the Court turns to Plaintiff's motion to set aside the default. (ECF No. 36). This motion was filed by Plaintiff's former counsel on March 26, 2024, four days after the Clerk's entry of default, and is supported by counsel's declaration. Counsel states that, upon filing the motion to withdraw on February 28, 2024, counsel reached out to defense counsel, in part, advising that it would be best to allow new counsel to respond to the counterclaims and requesting an extension of this deadline. However, defense counsel refused.

On March 20, 2024, after being out of state the previous days, Plaintiff's counsel "realized that [counsel's] office had inadvertently failed to file Plaintiff's response to the Counterclaims. This was not intentional, but unfortunately an oversight by [counsel's] office." (ECF No. 36-1, p. 2; *see* ECF No. 42-1, p. 2). Upon this discovery, counsel immediately called defense counsel, explained the oversight, requested an extension, and advised that Plaintiff was in the process of obtaining new counsel. On March 22, 2024, Defendants filed their request for default and notified counsel that they would not agree to the extension request. As noted earlier, after Plaintiff obtained new counsel, Plaintiff filed a proposed answer to the counterclaims on April 15, 2024, as required by the Court's April 5, 2024 order. (ECF Nos. 44, 49-1).

Plaintiff's briefing argues that default should be set aside because the failure to respond was inadvertent and counsel had repeatedly tried to get an extension of the deadline to respond in light of new counsel entering the case, that Plaintiff has a meritorious defense, and the Defendants have suffered no harm.

Defendants Elevated and Maricopa do not meaningfully dispute Plaintiff's version of events.[2] (*See* ECF Nos. 39, 54). However, they argue that the failure to respond was culpable, mainly because Plaintiff had failed to file a response by the time Plaintiff moved to set aside the

---

[2] Defendants suggest that Plaintiff's failure to respond was not inadvertent and that Plaintiff could not deny their allegations, but they do not dispute the general timeline of events. (ECF No. 39, p. 15).

default and that Plaintiff's proposed answer does not provide a meritorious defense because it fails to provide factual support for the denial and supporting evidence. But Defendants concede that, beyond the delay, they have suffered no prejudice.

Upon review, the Court concludes that Plaintiff has shown good cause to set aside the default. Plaintiff had twenty-one days from the service of the counterclaims, or until March 18, 2024, to file a response. *See* Fed. R. Civ. P. 12(a)(1)(B) ("A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim."). Although Plaintiff failed to meet this deadline, his conduct was not "culpable" within the meaning of the word here. Plaintiff's counsel has submitted declarations stating that counsel was out of state from March 14-18, and upon counsel's return, realized on March 20 that counsel's office had inadvertently failed to respond to the counterclaims. (ECF No. 36-1, p. 2; ECF No. 42-1, p. 2). Thereafter, counsel immediately sought an extension to respond to the counterclaims; however, defense counsel provided no response until March 22 when Defendants filed and obtained a clerk's entry of default. Defendants offer no material dispute to these facts, which show that Plaintiff did not act in bad faith and did not seek to take advantage of Defendants or otherwise manipulate the legal process. *See Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1092 (discussing intentionality in terms of culpable conduct). Rather, at most, this was "simple carelessness" which is not alone sufficient to establish culpability. *Id.*

As for a meritorious defense, all that is necessary to satisfy this requirement, which is not extraordinarily heavy, "is to allege sufficient facts that, if true, would constitute a defense," and "the question whether the factual allegation [i]s true is not to be determined by the court when it decides the motion to set aside the default." *Id.* at 1094 (internal citation and quotation marks omitted). Here, although Defendants complain about the timing of the proposed answer, Plaintiff did file a proposed answer after obtaining new counsel and filed it even before the deadline that the Court set. (ECF No. 49-1). The Court cannot fault Plaintiff for not filing this answer sooner after the deadline when his counsel was seeking to withdraw from this case. Turning to the answer itself, it presents a sufficient defense, denying certain allegations, admitting some, and raising affirmative defenses to the counterclaims that, if true, would constitute a defense.[3]

---

[3] Defendants characterize Plaintiff's answer as mere denials and appear to assert that he had to present a

4

Additionally, Defendants offer no showing of prejudice beyond delay, which is insufficient to establish prejudice within this context. (ECF No. 39, p. 17); *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1095 (noting that harm suffered must be greater than simple delay in resolution of the case). And as for the delay itself, the proposed answer was filed on April 15, 2024, less than a month after the response to the counterclaims was originally due. Thus, any delay here was short and, as evidenced by the procedural history of the case, it did not meaningfully keep the case from proceeding.

Lastly, the Court concludes that the general policy of deciding cases on the merits weighs in favor of setting aside the default. If Defendants believe that Plaintiff's answer fails to sufficiently respond to their allegations, they can raise that issue in state court.

Accordingly, as all the relevant considerations weigh in Plaintiff's favor, the Court will set aside the default.

As the proposed answer to the counterclaims is unsigned, the Court will direct Plaintiff's counsel to file a signed version on the record, with the filing being deemed effective as of April 15, 2024, when the draft was submitted.

### IV.   CONCLUSION AND ORDER

For the reasons given above, IT IS ORDERED as follows:

1. Plaintiff's motion to set aside the Clerk's entry of default is granted. (ECF No. 36).
2. The Clerk's entry of default against Plaintiff is set aside. (ECF No. 32).

\\\
\\\
\\\
\\\
\\\
\\\
\\\

---

declaration, authority, and evidence, perhaps in the answer itself, to set aside the default. (ECF No. 54, pp. 8-9). The Court has reviewed the various authorities that Defendants cite for this proposition and concludes that none support this position in the circumstances of this case. Here, the answer itself presents a meritorious defense, and Defendants offer no specific argument as to how it is deficient.

3. Within three (3) days from the entry of this order, Plaintiff shall file a signed version of the proposed answer to the counterclaims on the docket, which answer the Court will deem timely filed as of April 15, 2024. (ECF No. 49-1).

IT IS SO ORDERED.

Dated:   **November 4, 2024**           /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE