UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ASSEMI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FARID ASSEMI, et al.,<br><br>　　　　　Defendants. | Case No. 1:23-cv-01741-EPG<br><br>ORDER REMANDING CASE TO THE FRESNO SUPERIOR COURT |

## I. INTRODUCTION

Certain Defendants removed this case from the Fresno County Superior Court on December 19, 2023. (ECF No. 1). At that time, Plaintiff alleged 31 counts, primarily based on state law, which included fraud, breach of contract, and wrongful termination claims. (ECF No. 1-1). However, Plaintiff also asserted three claims under the Racketeer Influenced and Corrupt Organizations Act (RICO). Generally, Plaintiff's claims stemmed from alleged wrongs that he suffered in connection with his employment at various related companies.

However, Plaintiff has now dismissed all his claims. (ECF No. 48). While Defendants' counterclaims remain, such counterclaims only assert state law claims. (ECF No. 13). Defendants ask this Court to exercise supplemental jurisdiction over those counterclaims, resolve several pending motions, and permit them to file amended counterclaims that purport to assert additional counterclaims under federal law.

For the reasons that follow, the Court declines to exercise supplemental jurisdiction and remands this case to state court for further proceedings.

## II.     SUPPLEMENTAL JURISDICTION

Throughout their filings, the parties contest whether this Court has jurisdiction over this case. Plaintiff contends that once he dismissed his claims, subject-matter jurisdiction automatically ended. (ECF No. 57, pp. 2-3). Those Defendants who have presently pending motions contend that the Court did not automatically lose subject-matter jurisdiction and ask this Court to exercise supplemental jurisdiction over their counterclaims, to rule on outstanding motions, and to allow Defendants to amend their counterclaims to add counterclaims under Federal law. (ECF No. 59, p. 2; (ECF No. 60, p. 1).

Under 28 U.S.C. § 1367(a), a district court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." However, "a federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c)." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1999). These conditions are as follows:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>
>> (1) the claim raises a novel or complex issue of State law,
>>
>> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>>
>> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>>
>> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)-(4).

"While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the . . . values of economy, convenience, fairness, and comity." *Acri*, 114 F.3d at 1001 (internal citations and quotation marks omitted). Further, "[t]he Supreme Court has stated, and [the Ninth Circuit has] often repeated, that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (omission in original, internal citation and quotation marks omitted).

Here, all Federal claims have been dismissed. *See McGrothers v. Diamond Pet Food Processors of California, LLC*, No. 2:13-CV-01939-MCE, 2013 WL 6199201, at *3 (E.D. Cal. Nov. 27, 2013) (noting that the fact that a plaintiff dismissed the Federal claims, as opposed to the court dismissing the claims, did not alter consideration of the relevant values for determining whether to exercise jurisdiction). Moreover, the pending counterclaims are only based on state law. Accordingly, § 1367(c)(1)-(3) all favor remand.

Additionally, the relevant values show that remand is proper. Here, the case is at the early stages—the Court has not set a case schedule, the parties have not taken discovery, and the merits of the claims have not been addressed. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 1988) ("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction."). Further, there is nothing to indicate that this forum is more convenient to the parties than the Fresno County Superior Court. Accordingly, judicial economy and convenience would not be served by keeping the case in this Court.

As for fairness, Defendants Elevated and Maricopa argue that it would be unfair not to exercise supplemental jurisdiction. (ECF No. 54, p. 7).

> Kevin Assemi could have opted to begin this dispute by filing 29 state-law claims—but instead, he also brought three federal civil RICO claims, facilitating a spicy press release (ECF 39-1). Then, he doubled down on this federal forum, filing his First Amended Complaint here. He did that after the Counterclaims were filed. Fairness does not favor allowing Kevin Assemi to avoid the forum that his choices dictated.

(ECF No. 54, p. 7).

The Court finds this argument unpersuasive. If the simple fact that a Plaintiff filed Federal claims made it unfair to remand a case after those claims were dismissed, the Court would always retain supplemental jurisdiction over state law claims. However, caselaw establishes that "*in the usual case in which all federal-law claims are eliminated before trial*, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, *fairness*, and comity—*will point toward declining to exercise jurisdiction over the remaining state-law claims.*" *Carnegie-Mellon*, 484 U.S. at 350 n.7 (emphasis added). This matter falls within "the usual case" and it would be not unfair for Defendants Elevated and Maricopa to litigate their state

3

law counterclaims in state court.

As for the final value, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Here, the counterclaims rely on only state law and thus the Fresno County Superior Court is in the better position to address the issues.

All relevant considerations therefore weigh in favor of declining supplemental jurisdiction of the counterclaims. Accordingly, the Court will remand this case to the Fresno County Superior Court. *See Carnegie-Mellon*, 484 U.S. at 353 (noting that remand, rather than outright dismissal, "may best promote the values of economy, convenience, fairness, and comity" as the parties will not have to refile papers in state court and can accordingly save time and expense).[1]

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

---

[1] Although Defendants have filed a motion for leave to amend to added purported federal causes of action, leave has not been granted and those federal counterclaims are not currently part of this case. Moreover, there is some indication that the purported counterclaims are without merit and have only been asserted to avoid remand.  Indeed, Defendants describe their intent behind filing their motion as follows: "Their motive, which is in good-faith and frankly stated, is to keep this dispute is a single federal forum that is best suited to efficiently resolve the federal issues implicated in the controversy Kevin Assemi initiated and advanced in this Court." (ECF No. 52-1, p. 5). This basis for amendment supports remand. *Carnegie-Mellon*, 484 U.S. at 357 ("A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case.").  Moreover, state courts also have jurisdiction to consider such claims. *Tafflin v. Levitt*, 493 U.S. 455, 467 (1990) ("[W]e hold that state courts have concurrent jurisdiction to consider civil claims arising under RICO."); *Valdez v. Sanford*, No. 2:10-CV-03228-JHN-FFMx, 2010 WL 11601045, at *4 (C.D. Cal. Oct. 20, 2010) (noting that state courts have concurrent jurisdiction over Lanham Act claims).

### III. CONCLUSION AND ORDER

For the reasons given above, IT IS ORDERED as follows:

1. The Court declines supplemental jurisdiction over the counterclaims and this case is remanded to the Fresno County Superior Court.
2. The Clerk of Court shall mail a certified copy of this order to the clerk of the Fresno County Superior Court.
3. The Clerk of Court shall terminate as pending all relevant dates, deadlines, and motions and then close this case. (ECF Nos. 33, 52, 53).

IT IS SO ORDERED.

Dated: __**November 7, 2024**__       /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE